UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CATALA, d/b/a MAJIC
ENTERTAINMENT LLC, d/b/a
ADRAWN MUSIC PUBLISHING,

                        Plaintiff,

     - against -

JOOMBAS CO. LTD., JOOMBAS
MUSIC INT'L, JOOMBAS LLC,
JOOMBAS MUSIC GROUP, HYUK
SHIN, THE LA REID MUSIC
PUBLISHING COMPANY LLC, EMI
APRIL MUSIC INC., and SONY/ATV
SONGS LLC,

                   Defendants.

**MEMORANDUM OPINION**

18 Civ. 8401 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Juan Catala, d/b/a Majic Entertainment LLC, d/b/a Adrawn Music Publishing ("Majic"), asserts claims for breach of contract, fraud, tortious interference with contract, violations of the Copyright Act, and for an accounting against songwriter Hyuk Shin and four companies that Shin owns (Joombas Co. Ltd., Joombas Music International, Joombas LLC, and Joombas Music Group, collectively, the "Joombas Defendants").[1]  Plaintiff also asserts breach of contract and breach of fiduciary duty claims against the LA Reid Music Publishing Company, LLC ("Reid"), EMI April Music Inc. ("EMI"), and Sony/ATV Songs LLC ("Sony") (collectively, "Reid" or the "Reid Defendants").  (Cmplt. (Dkt. No. 1))  Plaintiff's claims arise from a series of agreements between Plaintiff, Shin, the Joombas Defendants, and

---

[1]  Joombas Co. Ltd., Joombas Music International, Joombas LLC, and Joombas Music Group are referred to as the "Joombas Entities."

the Reid Defendants – or combinations thereof – governing the rights to compositions authored by Shin.

Plaintiff moves for reconsideration of this Court's September 23, 2019 Order (Dkt. No. 80), which grants the Joombas and Reid Defendants' motions to dismiss and grants in part Shin's motion to dismiss.[2]  Plaintiff also moves to amend the Complaint.  In a March 31, 2021 Order (Dkt. No. 93), this Court denied Plaintiff's motion for reconsideration and motion to amend.  The purpose of this memorandum opinion is to explain the Court's reasoning.

## BACKGROUND

In a thirty-page opinion, this Court granted (1) Shin's motion to dismiss Plaintiff's claim for breach of Contract 1 as to conduct that took place after Contract 3 was executed in January 2014; (2) Shin's motion to dismiss Plaintiff's claims for breach of Contracts 2 and 3; (3) the Reid Defendants' motion to dismiss Plaintiff's breach of contract claims; (4) the Reid Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim; (5) the Joombas Entities' motion to dismiss Plaintiff's tortious interference with contract claim; (6) the Joombas Defendants' motions to dismiss Plaintiff's fraud claim; (7) Shin's motion to dismiss Plaintiff's Copyright Act claim; and (8) Shin's motion to dismiss Plaintiff's claim for an accounting.  (Sept. 23, 2019 Order (Dkt. No. 80) at 17-29)  The motions to dismiss filed by the Joombas Entities and the Reid Defendants were granted in their entirety.  (Id. at 30)  Shin's motion to dismiss was denied as to Plaintiff's claim for breach of Contract 1 for conduct related to Contract 1 that took place before Contract 3 was executed in January 2014.  (Id. at 17)

---

[2] The factual and procedural background of this case is set forth in the September 23, 2019 Order, and familiarity with this order is assumed.  All nomenclature and defined terms used herein, such as "Contracts 1, 2, and 3," have the meaning ascribed to them in the Court's September 23, 2019 Order.

In seeking reconsideration, Plaintiff argues that the Court must (1) "vacate the [d]ecision that limits Plaintiff's Contractual 1 rights to conduct that occurred before Contract 3 was executed"; (2) "reconsider and clarify its interpretation of Contract 2 and 3, vacate the order of dismissal, and reinstate Plaintiff's Contract 2 & 3 breach of contract claims because the [d]ecision presents a misapprehension of the facts" and reconsider its ruling that "Shin was no longer obligated to deliver compositions to Majic"; and (3) "vacate the dismissal and reinstate the breach of contract claim as [to the Reid Defendants]" because, "[p]ursuant to [t]he Settlement Agreement, the [Reid Defendants] no longer administer the publishing rights of the Plaintiff." (Pltf Br. (Dkt. No. 83) at 9, 14-15, 25-26)

Plaintiff also moves to amend the Complaint to add a claim for fraud in the inducement against Defendant Shin.  (Id. at 19-23)

Finally, Plaintiff asks the Court "to allow Plaintiff to clarify his contractual rights under Contract 1[, which was] signed by Plaintiff and Shin in 2009."  (Id. at 4)

## DISCUSSION

## I.   LEGAL STANDARDS

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court."  Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012).  "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted)).  "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor

may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

Reconsideration may be granted only where a court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion'" and which, if examined, might reasonably have led to a different result.  Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).  "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Fed. Prac. & Proc. § 4478).  "To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc., 597 F. Supp. 2d at 365 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

"[Local] Rule 6.3 is intended to ""ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.""" Id. (second alteration in original) (quoting S.E.C. v. Ashbury Cap. Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988))).  "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Id. (citations omitted).

"Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to the Court.'" <u>Christoforou v. Cadman Plaza N., Inc.</u>, No. 04 Civ. 08403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009) (quoting <u>Shamis</u>, 187 F.R.D. at 151). "The decision to grant or deny a motion for reconsideration or reargument is in the 'sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion.'" <u>Wechsler v Hunt Health Sys., Ltd.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (quoting <u>Davidson</u>, 172 F. Supp. 2d at 462) (citing <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983)).

## II.   ANALYSIS

### A.   Breach of Contract Claims Against Shin and the Reid Defendants

Plaintiff alleges that Shin failed to provide compositions that he was obligated to provide to Majic, and thus breached Contracts 1, 2, and 3. (Cmplt. (Dkt. No. 1) ¶¶ 35-52) Plaintiff further contends that the Reid Defendants breached Contracts 2 and 3 by entering into a settlement with Shin that did not provide for production of the withheld compositions, or for payments to Majic in connection with withheld compositions. (<u>Id.</u> ¶¶ 53-65)

Plaintiff's motion for reconsideration does not present any intervening change in controlling law. Nor does Plaintiff offer new evidence in support of his claims. Instead, Plaintiff merely repeats arguments previously raised and rejected, contending that the Court "misapprehend[s] the facts of this case." (Pltf. Br. (Dkt. No. 83) at 5) Plaintiff's motion presents no basis for this Court to grant reconsideration.

1. **Shin and the Joombas Entities**

     a. **Contract 1**

Contract 1 requires that Shin, inter alia, "[d]eliver to [Majic], for exclusive

exploitation, all Compositions," including "all musical compositions . . . written by [Shin] prior

to or during the Term [of Contract 1] and . . . any and all other compositions written by [Shin]

and/or acquired by [Shin] or [Shin's] Affiliates during the Term of [Contract 1]."  (Contract 1

(Dkt. No. 1-1) at 1)  Shin argued that – as a result of Contract 3 – he was not required to deliver

compositions to Majic, because Contract 3 provides that "the songs were to be delivered to

Reid."  (Joombas Br. (Dkt. No. 50) at 11)  After analyzing (1) an integration clause in Contract

2; and (2) Contract 3, which amends Contract 2 so as to require Shin "to perform, directly for

[Reid], any and all obligations which relate to the Compositions [and] Delivery thereof"

(Contract 3 (Dkt. No. 1-3) at 2 ¶ 2), the Court held that "Contract 3 expressly modifies the

delivery obligations set out in Contract 2[.]  [B]ecause Contract 1 'shall be deemed amended in

all respects necessary to conform to the provisions of [Contract 2,] . . . Contract 3 also modifies

Contract 1's delivery obligations.  After execution of Contract 3, Shin no longer was required to

deliver compositions to Majic; his obligation was to deliver the compositions to Reid."  (Sept.

23, 2019 Order (Dkt. No. 80) at 16)  This Court went on to hold, however, that Plaintiff "states a

claim for breach of Contract 1 as to conduct that took place before Contract 3 was executed in

January 2014."  (Id. at 17)

         Plaintiff now argues that because "[t]he terms of Contract 1 have yet to be

fulfilled, . . . all songs acquired by Shin or his affiliates are to be delivered to Majic. . . . The

Court's interpretation of the interplay between Contract[s] 1 and 3 is erroneous and the Decision

on this issue must be vacated."  (Pltf. Br. (Dkt. No. 83) at 8-9)  Plaintiff does not present

"'controlling decisions or factual matters'" that the Court overlooked in the September 23, 2019

Opinion, however. <u>Eisemann</u>, 204 F.3d at 395 n.2 (quoting <u>Shamis</u>, 187 F.R.D. at 151).  Instead,

Plaintiff "seeks solely to relitigate an issue already decided." <u>Christoforou</u>, 2009 WL 723003, at

*7.  Moreover, Plaintiff does not explain why he believes "[t]he Court's interpretation of the

interplay between Contract[s] 1 and 3 is erroneous." <u>See</u> Pltf. Br. (Dkt. No. 83) at 8-9.

Accordingly, Plaintiff's motion for reconsideration will – as to Contract 1-based claims against

Shin and the Joombas Entities – be denied.

## b.    <u>Contracts 2 and 3</u>

In the Complaint, Plaintiff alleges that Shin "had a duty" under both Contract 2

and Contract 3 to provide compositions to Plaintiff, and that Shin breached both contracts by

"fail[ing] to provide the acquired composition[s] to Majic and fail[ing] to submit composition[s]

co-written by Shin to Majic." (Cmplt. (Dkt. No. 1) ¶¶ 43, 45, 50-51)  As with Plaintiff's

Contract 1 breach claim, Shin argues that he "ha[d] no obligations to Majic, only to Reid."

(Joombas Br. (Dkt. No. 50) at 7)  As this Court explains in the September 23, 2019 Order,

Contract 2 is an agreement between Majic and Reid in which Majic is obligated to "[d]eliver to

[Reid] each Composition . . . ." (Contract 2 (Dkt. No. 1-2) at 2, ¶ 3)  Contract 2 does not impose

an obligation on Shin to deliver compositions to Majic:

> While Shin signed a Writer's Inducement to Contract 2, in which he "agree[d] to
> be bound by all of the terms, covenants and conditions" set forth in Contract 2
> . . . , none of those "terms, covenants, and conditions" obligate Shin to deliver
> compositions to Majic.  Contract 3 likewise does not impose an obligation on
> Shin to deliver compositions to Majic.  Indeed, the apparent purpose of Contract 3
> is to excise Majic from the composition delivery process.  Accordingly, Shin's
> motion to dismiss Majic's claims for breach of Contract 2 and breach of Contract
> 3 will be granted.

(Sept. 23, 2019 Order (Dkt. No. 80) at 19)

Plaintiff now contends that this "Court's [d]ecision that Shin did not have the

contractual obligation to deliver[] composition[s] to Majic pursuant to Contract 2 is a clear error

that wrongfully cuts of[f] Plaintiff's rights to Contract[s] 1 and 2." (Pltf. Br. (Dkt. No. 83) at 10)

Plaintiff further argues that the September 23, 2019 Order "contradicts itself," because, inter alia, "[o]n page 21 of the [d]ecision, the Court states that pursuant to Contract[s] 2 and 3 Majic had an obligation to deliver Shin's compositions to the [Reid] Defendants, which is inconsistent with the Court's statement on page 19 that Shin has no express or implied obligation to deliver the compositions for Majic."  (Id. at 10-11)  Plaintiff also contends that "[b]ecause Contract 1 and Contract 2 do not concern the same subject matter, Contract 2's delivery provisions do not supersede Contract 1's delivery provisions."  (Id. at 10)

While Plaintiff disagrees with this Court's interpretation of the three contracts, that disagreement provides no basis for granting reconsideration.  A party who "seeks solely to relitigate an issue already decided" has provided no basis for reconsideration.  Christoforou, 2009 WL 723003, at *7.  Plaintiff has not raised either controlling decisions or factual matters that were overlooked by the Court.  See Eisemann, 204 F.3d at 395 n.2.  And while Plaintiff repeatedly asserts that the September 23, 2019 Order is internally contradictory, there is in fact no internal contradiction.  For example, Plaintiff claims that the Court's finding that "Contract 2 constitutes an agreement between Majic and Reid in which Majic is obligated to '[d]eliver to [Reid] each Composition' . . . [and that] Contract 3 . . . does not impose an obligation on Shin to deliver compositions to Majic" (Sept. 23, 2019 Order (Dkt. No. 80) at 19) – contradicts the Court's later finding that "Contracts 2 and 3 provide that it is Majic's obligation to ensure the delivery of the compositions."  (Id. at 21) (emphasis in original).[3]  (See Pltf. Br. (Dkt. No. 83) at

_____

[3]  In the September 23, 2019 Order, the Court discusses in detail the delivery obligations of the three contracts:  "Pursuant to Contracts 1 and 2, Shin was required to deliver compositions to Majic, and Majic was required to deliver those compositions to Reid. . . . After Contract 3 was executed, . . . Shin was required to perform 'any and all obligations' for Reid 'relat[ing] to the Compositions, [and] [d]elivery thereof.' . . . Accordingly, Contract 3 expressly modifies the delivery obligations set out in Contract 2, and – because Contract 1 'shall be deemed amended in all respects necessary to conform to the provisions of [Contract 2]' . . . – Contract 3 also modifies Contract 1's delivery obligations.  After execution of Contract 3, Shin no longer was

11)  These findings are not contradictory.  While Majic was obligated to ensure delivery of compositions to Reid, Shin had no obligation – under Contract 3 – to deliver compositions to Majic.  Plaintiff's motion for reconsideration will – as to Contract 2 and Contract 3-based claims against Shin and the Joombas Entities – be denied.

### 2.   Reid Defendants

#### a.   Contracts 2 and 3

Plaintiff alleges that the Reid Defendants breached Contracts 2 and 3 by entering into a settlement with Shin.  (Cmplt. (Dkt. No. 1) ¶¶ 53-65)  Plaintiff contends that the Reid Defendants did not fulfill their obligations to demand that Shin deliver compositions to Majic, "administrate the compositions for Majic," and "collect funds for Majic."  (Id. ¶¶ 56-57, 59-61)  Plaintiff further claims that the Reid Defendants "caused . . . copyright[s] to be registered without identifying Plaintiff."  (Id. ¶ 58)  In the September 23, 2019 Order, this Court dismissed Plaintiff's Contract 2 and Contract 3 breach claims against the Reid Defendants.  (Sept. 23, 2019 Order (Dkt. No. 80) at 19)

Plaintiff now repeats his assertions that the "Settlement Agreement in 2018 between Shin and [the Reid] Defendants contains an express breach of Contract 2 and Contract 3. . . . The Court's [d]ecision ignores the necessity of affirmative administration of the compositions, especially to collect royalties, which was Reid/EMI/Sony's obligation to

---

required to deliver compositions to Majic; his obligation was to deliver the compositions to Reid."  (Sept. 23, 2019 Order (Dkt. No. 80) at 16)  "Contract 2 constitutes an agreement between Majic and Reid in which Majic is obligated to '[d]eliver to [Reid] each Composition.' . . . [N]one of th[e] 'terms, covenants, and conditions' [in Contract 2] obligate Shin to deliver compositions to Majic.  Contract 3 likewise does not impose an obligation on Shin to deliver compositions to Majic.  Indeed, the apparent purpose of Contract 3 is to excise Majic from the composition delivery process."  (Id. at 19)

administer. . . . Further[], the 2018 Settlement Agreement did not address the re-registration of compositions necessary to implement Majic's rights in the future."  (Pltf. Br. (Dkt. No. 83) at 25)

As the Court explains in the September 23, 2019 Order, (1) the Reid Defendants were not required to demand that Shin deliver compositions to Majic; (2) the Complaint does not identify which compositions the Reid Defendants did not "administrate"; and (3) Plaintiff does not identify the funds the Reid Defendants allegedly should have collected.  (Sept. 23, 2019 Order (Dkt. No. 80) at 21)

In his motion for reconsideration, Plaintiff offers a new argument:  that the Reid Defendants were obligated to re-register copyrights.  But Plaintiff does not allege in the Complaint that the Reid Defendants failed to re-register copyrights.  And Plaintiff cannot now "plug[] the gaps of a lost motion" with new allegations.  See RST (2005) Inc., 597 F. Supp. 2d at 365 ("[A] motion under Rule 6.3 should not be used to advance theories not previously argued."); see also Davidson, 172 F. Supp. 2d at 461 ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.").

As with Plaintiff's other arguments for reconsideration, Plaintiff cites no controlling decisions or factual matters that this Court overlooked.  See Eisemann, 204 F.3d at 395 n.2.  Accordingly, Plaintiff's motion for reconsideration will – as to the Reid Defendants – be denied.

### B.  **Plaintiff's Motion to Amend**

Plaintiff seeks leave to amend the Complaint to add a claim for fraud in the inducement against the Joombas Defendants.  Plaintiff also seeks permission to "refile" his

tortious interference claim against the Joombas Entities.  (Pltf. Br. (Dkt. No. 83) at 20; Pltf. Ltr. (Dkt. No. 90))[4]

Plaintiff contends that Shin "continued to hide the real facts from Majic and the [Reid] Defendants in order to keep the scheme and his prior breaches secret," which "allowed Shin to secure . . . Contract 3."  (Pltf. Br. (Dkt. No. 83) at 22)  Plaintiff further contends that "Shin knowingly misrepresented facts leading up to the 2014 Modification."  According to Plaintiff, because Shin "hid . . . facts during the negotiation[] of [Contract 3]," and because "[s]uch action w[as] necessary to secure [Contract 3]," Plaintiff may assert a claim for fraud in the inducement against the Joombas Defendants.  (Pltf. Ltr. (Dkt. No. 90) at 2)

As to tortious interference, Plaintiff asserts that the Joombas Entities "had an objective to secure [a] breach [of the contracts between Majic and Shin] in order to provide the compositions to Universal or other publishers[, and] . . . to deprive Majic of the funds associated with the compositions written by Shin and other writers."  (Id. at 3)

## 1.    <u>Legal Standard</u>

Under the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  District courts "ha[ve] broad discretion in determining whether to grant leave to amend."  <u>Gurary v. Winehouse</u>, 235 F.3d 792, 801 (2d Cir. 2000).  A court may properly deny leave to amend in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

---

[4]  This Court's Individual Rules require that a pre-motion letter be submitted to the Court before a motion to amend is filed.  (Individual Rules of Prac. of Judge Paul G. Gardephe, Civil Cases, IV.A.)  Plaintiff filed his motion to amend without submitting the required pre-motion letter. Although this violation alone justifies denial of Plaintiff's motion to amend, the Court addresses the merits of the motion below.

the amendment, futility of amendment, etc.'" <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191

(2d Cir. 2008) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); <u>see also</u> <u>Murdaugh v. City</u>

<u>of New York</u>, No. 10 Civ. 7218 (HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011)

("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints

should be 'freely given,' leave to amend need not be granted where the proposed amendment is

futile." (citations omitted)).

   An amendment is futile where it is legally insufficient on its face such that the

amended claim could not survive a motion to dismiss.  <u>Lucente v. IBM Corp.</u>, 310 F.3d 243, 258

(2d Cir. 2002).  Accordingly, where a defendant contends that proposed amendments are futile, a

court must consider "the proposed amendments through the prism that would apply to a Rule

12(b)(6) motion."  <u>BLT Rest. Grp. LLC v. Tourondel</u>, 855 F. Supp. 2d 4, 14 (S.D.N.Y. 2012)

(citing <u>Nettis v. Levitt</u>, 241 F.3d 186, 194 n.4 (2d Cir. 2001), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u>

<u>Slayton v. Am. Exp. Co.</u>, 460 F.3d 215 (2d Cir. 2006)).

   "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v.</u>

<u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

These factual allegations must be "sufficient 'to raise a right to relief above the speculative

level.'"  <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting

<u>Twombly</u>, 550 U.S. at 555).  "In considering a motion to dismiss . . . the court is to accept as true

all facts alleged in the complaint," <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 237 (2d

Cir. 2007) (citing <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 87

(2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff."  <u>Id.</u> (citing

<u>Fernandez v. Chertoff</u>, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).

### 2.    Futility

The Joombas Defendants argue that leave to amend should be denied because Plaintiff's "'fraudulent inducement' theory fails under New York law, and thus amendment would be futile."  (Joombas Br. (Dkt. No. 86) at 12)  The Joombas Entities do not address Plaintiff's request to "refile" his tortious interference claim.

### 3.    Background

In the Complaint, Plaintiff alleges that Shin "misrepresented and omitted the . . . existence of the compositions from Majic with the intent of depriving Majic of intellectual property and monies," and "hid all the compositions in his [Joombas] entitities . . . in order to keep Majic in the dark."  (Cmplt. (Dkt. No. 1) ¶¶ 82-85)  In granting the Joombas Defendants' motion to dismiss, this Court concluded that

> [t]hese allegations do not demonstrate a "legal duty separate from" Shin's obligations under Contracts 1, 2, and 3, nor do they make out "a fraudulent misrepresentation [that is] collateral or extraneous to" these contracts.  Indeed, the Complaint links Shin's "contractual duty" to "inform[] Majic of the existence of the . . . compositions" to Shin's alleged "misrepresent[ation] and omi[ssion] [of] the fact of the existence of the compositions from Majic."  (Cmplt. (Dkt. No. 1) ¶¶ 82, 85)

> The Complaint also does not adequately plead facts that make out the elements of fraud, much less comply with the heightened pleading standards of Fed. R. Civ. P. 9(b).  Majic does not, for example, identify misrepresentations made by the Joombas Defendants.  And while the Complaint speaks generally of omissions on Shin's part, it does not specify when or where the misleading statements were made.  Nor does the Complaint plead reasonable reliance on any such misrepresentations.

13

(Sept. 23, 2019 Order (Dkt. No. 80) at 27 (footnote omitted))

Acknowledging that Plaintiff had put forth additional allegations in its opposition brief, this Court noted that these new allegations – not pled in the Complaint – could not be considered:

> In its opposition brief, Majic attempts to clarify its fraud claim, arguing that Shin's misrepresentations about the compositions were made "during the negotiation[] of [Contract 3]," and were necessary to secure Plaintiff's agreement to enter into Contract 3; accordingly, they amounted to fraud in the inducement. (Pltf. Opp. Br. (Dkt. No. 52) at 15-16)  These allegations are not set forth in the Complaint, however, and a "complaint cannot . . . be amended by the briefs in opposition to a motion to dismiss."  In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001); see also Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y.) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." (collecting cases)), aff'd, 157 F. App'x 398 (2d Cir. 2005).

(Sept. 23, 2019 Order (Dkt. No. 80) at 27 n.14)

### 4.   Discussion

### a.   Fraud in the Inducement Claim

Plaintiff now seeks to add a fraud in the inducement claim against the Joombas Defendants premised on the following factual allegations:  (1) that Shin "continued to hide the real facts from Majic and the [Reid] Defendants in order to keep the scheme and his prior breaches secret," which "allowed Shin to secure . . . Contract 3" (Pltf. Br. (Dkt. No. 83) at 22); (2) that "Shin knowingly misrepresented facts leading up to [Contract 3]" (Pltf. Ltr. (Dkt. No. 90) at 2); and (3) that Shin "hid . . . facts during the negotiation[] of [Contract 3]" and that "[s]uch action w[as] necessary to secure [Contract 3]." (Id.)

> New York law specifically recognizes causes of action for fraud in the inducement when the misrepresentation is collateral to the contract it induced. See WIT Holding Corp. v. Klein, 282 A.D.2d 527, 528, 724 N.Y.S.2d 66 (2d Dep't 2001) ("[A] misrepresentation of material fact, which is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud.")  Furthermore, a promise to take some future action which is collateral to the contract can be considered a "misrepresentation" for purposes of a fraud in the inducement cause of action.  See Deerfield Comms.

Corp. v. Chesebrough-Ponds, Inc., 68 N.Y.2d 954, 956, 502 N.E.2d 1003, 1004, 510 N.Y.S.2d 88, 89 (1986) (holding that "a promise [not contained in the written agreement] made with a preconceived and undisclosed intention of not performing it . . . constitutes a misrepresentation" for purposes of a fraud in the inducement cause of action (quoting Sabo v. Delman, 3 N.Y.2d 155, 160, 143 N.E.2d 906, 908, 164 N.Y.S.2d 714, 716 (1957)) (internal quotation marks omitted)).

Wall v. CSX Transp., Inc., 471 F.3d 410, 416 (2d Cir. 2006); see also NRW, Inc. v. Bindra, 775 F. App'x 22, 24 (2d Cir. 2019) ("[T]o state a claim for fraudulent inducement under New York law, a plaintiff must show that '(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'" (quoting Wall v. CSX Transp., Inc., 471 F.3d 410, 415-16 (2d Cir. 2006))).

However, "where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract." Telecom Int'l Am., Ltd. v. AT & T Corp., 280 F.3d 175, 196 (2d Cir. 2001) (quotation marks and citation omitted); see also Spellman v. Columbia Manicure Mfg. Co., 111 A.D.2d 320, 324 (2d Dept. 1985).

In the September 23, 2019 Order, this Court ruled that Plaintiff's allegations that Shin "'misrepresented and omitted the . . . existence of the compositions from Majic with the intent of depriving Majic of intellectual property and monies,' and 'hid all the compositions in his [Joombas] entitities . . . in order to keep Majic in the dark,'" "do not demonstrate a 'legal duty separate from' Shin's obligations under Contracts 1, 2, and 3, nor do they make out 'a fraudulent misrepresentation [that is] collateral or extraneous to' these contracts." (Sept. 23, 2020 Order (Dkt. No. 80) at 26-27 (first quoting Cmplt. (Dkt. No. 1) ¶¶ 82-85; then quoting Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996))

15

In seeking leave to amend, Plaintiff does not detail any specific misrepresentations made by Shin during the negotiations regarding Contract 3. Nor does Plaintiff make a claim that is distinct from his breach of contract claim. Instead, Plaintiff argues that Shin breached the contract and then did not disclose his breach. This alleged misrepresentation is not collateral to the breach of contract. Plaintiff's fraud in the inducement claim is thus duplicative of his breach of contract claims. Leave to amend to add a fraud in the inducement claim will be denied.

   **b.**  **Tortious Interference Claim**

Plaintiff contends that he should be permitted to "refile the tortious interference claim" because the Joombas Entities "had an objective to secure [a] breach [of the contracts between Majic and Shin] in order to provide the compositions to Universal or other publishers[, and] . . . to deprive Majic of the funds associated with the compositions written by Shin and other writers." (Pltf. Ltr. (Dkt. No. 90) at 3)

As explained in the September 23, 2019 Order, under New York law, the elements of tortious interference with contract are "(1) 'the existence of a valid contract between the plaintiff and a third party'; (2) the 'defendant's knowledge of the contract'; (3) the 'defendant's intentional procurement of the third-party's breach of the contract without justification'; (4) 'actual breach of the contract'; and (5) 'damages resulting therefrom.'" Kirch v. Liberty Media Corp., 449 F.3d 388, 401-02 (2d Cir. 2006) (quoting Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424 (1996)). Moreover, "the third party's breach must have been caused by the defendant, meaning that the breach would not have occurred but for the defendant's acts." Wolff v. Rare Medium, Inc., 210 F. Supp. 2d 490, 498 (S.D.N.Y. 2002), aff'd, 65 F. App'x 736 (2d Cir. 2003).

In granting the Joombas Entities' motion to dismiss Plaintiff's tortious interference claim, this Court concluded that Plaintiff had not alleged facts sufficient to show that the Joombas Entities had procured Shin's breach.  (Sept. 23, 2019 Order (Dkt. No. 80) at 25)  Plaintiff now merely asserts that the Joombas Entities "had an objective to secure the breach . . . [,] intended to interfere with . . . Contract 1 and Contract 2[, . . . and] intended to obtain the royalties that would have been due [to] Majic."  (Pltf. Ltr. (Dkt. No. 90) at 3)  These additional allegations are not sufficient to adequately plead that the Joombas Entities procured Shin's breach.  Plaintiff's motion to "refile" his tortious interference claim will be denied.

### C.   <u>Plaintiff's Request for "Clarification"</u>

Plaintiff states that he seeks "clarification in regard to Contract 1," "as the compositions written after January 2014 would still be the subject of Contract 1 because the parties still remained in the Initial Contract Period of Contract 1.  The Court's [d]ecision eliminates Majic's contractual rights to the First Option Period, Second Option Period, and Third Option Period in Contract 1.  Shin must fulfill the terms of Contract 1, which conduct extends well beyond January 2014."  (Pltf. Br. (Dkt. No. 83) at 26-27)  "If Contract 1 is the only enforceable contract as suggested in the [d]ecision, the terms of the Contract must be complied with and cannot be limited to Shin's conduct up to the execution of Contract 3.  Furthermore, as Contract 3 (i) may not be enforceable due to the fraud in the inducement of Contract 3 and (ii) is the sole reason the Court believes Contract 1 is limited in time, the Court must allow the amendment to the Complaint and clarify Plaintiff's Contract 1 rights."  (<u>Id.</u> at 28 (footnote omitted))

Plaintiff is not truly seeking a clarification in the September 23, 2019 Order.  Plaintiff is instead expressing disagreement with the Court's ruling.

As stated in the September 23, 2019 Order (see Sept. 23, 2019 order (Dkt. No. 80) at 15-16), Contract 1 requires that Shin – among other things – "[d]eliver to [Majic], for exclusive exploitation, all Compositions," including "all musical compositions . . . written by [Shin] prior to or during the Term [of Contract 1] and . . . any and all other compositions written by [Shin] and/or acquired by [Shin] or [Shin's] Affiliates during the term [of Contract 1]." (Contract 1 (Dkt. No. 1-1) at 1, ¶ 3)  Contract 3 alters Shin's and Majic's delivery obligations. Pursuant to Contracts 1 and 2, Shin was required to deliver compositions to Majic, and Majic was required to deliver those compositions to Reid.  (Contract 1 (Dkt. No. 1-1) at 1; Contract 2 (Dkt. No. 1-2) at 2, ¶ 3)  After Contract 3 was executed, "[n]otwithstanding that all of the obligations to [Reid] under [Contract 2] are solely Majic's obligations" (Contract 3 (Dkt. No. 1-3) at 2, ¶ 2), Shin was required to perform "any and all obligations" for Reid "relat[ing] to the Compositions, [and] [d]elivery thereof."  (Id.)  Accordingly, Contract 3 expressly modifies the delivery obligations set out in Contract 2, and because Contract 1 "shall be deemed amended in all respects necessary to conform to the provisions of [Contract 2]" (Contract 1 (Dkt. No. 1-1) at 6-7 ¶ 13), Contract 3 also modifies Contract 1's delivery obligations.

In sum, after Contract 3 was executed, Shin was no longer required to deliver compositions to Majic; his obligation was to deliver the compositions to Reid.  Accordingly, this Court dismissed Plaintiff's breach claim against Shin to the extent that Plaintiff's claim for breach of Contract 1 concerns conduct that took place after Contract 3 was executed in January 2014.  (Sept. 23, 2019 Order (Dkt. No. 80) at 15-16)  While Contract 1 is not the "only enforceable contract" (Pltf. Br. (Dkt. No. 83) at 28), it is the only contract as to which Plaintiff can assert a breach claim against Shin.

## <u>CONCLUSION</u>

It was for the reasons stated above that this Court issued its March 31, 2021 Order denying (1) Plaintiff's motion for reconsideration; and (2) Plaintiff's motion for leave to amend.

Dated: New York, New York
May 20, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge