United States District Court
Southern District of New York

Case NO: 1:18-cv-08401

---

Juan Catala, et al. ("Catala")
Plaintiff

v.

Hyuk Shin, Joombas Music Publishing, et al. ("Shin")
Defendant

---

# Expert Report of Gary W. Cohen, CPA

Dated: January 22, 2022

Submitted By

Gary Cohen, CPA
Gary Cohen Corporation

On behalf of Plaintiff Juan Catala

EXPERT REPORT OF
GARY W. COHEN, CPA
TABLE OF CONTENTS

I.    Description of the Assignment

II.   Qualifications

III.  Compensation

IV.  Documents Reviewed

V.   Background Facts and Analysis

VI.  Analysis

- 1 -

I. **Description of the Assignment**

1. I am retained by Juan Catala to provide my expert opinion on damages in connection with the matter of *Juan Catala, et al. v. Hyuk Shin, et al.* (the "Dispute"). I was also asked to provide certain support services including preparing this report and providing expert testimony, if necessary. Keith White is counsel for Catala in the Dispute ("Counsel").

2. It is my understanding that Catala and Shin entered into publishing agreements in which Catala was granted the right by Shin to exploit all compositions written or acquired by Shin. These publishing agreements also required Shin to accurately report his share or interest in all compositions. Catala claims that Shin breached these agreements by failing to report all compositions and intentionally under-reporting the percentage of compositions that Shin controlled.

3. I am asked by Catala to provide my expert opinion of the damages related to the breach of contract claims.

4. I reserve the right to amend my opinion if new data or information relevant to my analysis becomes available.

II. **Qualifications**

5. I am a Certified Public Accountant and founder and President of Gary Cohen Corporation. I received my certification in New York State in 1985. I have over 35 years of experience in the entertainment industry as a forensic accountant and business manager. Gary Cohen Corporation conducted over 1,000 royalty audits on behalf of recording artists, songwriters, producers, and other music entertainment companies. I conducted many valuations of both music publishing and recorded music catalogs. I testified as an expert witness in the United States District Courts and the state courts in New York, New Jersey, Michigan, Texas, and California. My curriculum vitae and a listing of cases and audit engagements are attached.

III. **Compensation**

6. I am being compensated for my time at my standard hourly billing rate, which is currently $350. My compensation for making this analysis is in no way contingent upon the value reported, upon any predetermined value, or upon the outcome of this Dispute.

IV. **Documents Reviewed**

7. In formulating my opinions, I reviewed the following documents:

    A. Complaint filed by Catala dated September 14, 2018 ("Complaint").
    B. Complaint Exhibits A through I:
        1. Exhibit A - Co-publishing/Exclusive Administration Agreement dated April 1, 2009 between Catala and writers Shin and Sean Hamilton ("Hamilton")

     ("Contract #1). I am advised by Counsel that Hamilton is not a party to the Dispute.

2. Exhibit B - Exclusive Co-Publishing and Administration Agreement dated May 1, 2009 among LA Reid Music Publishing/EMI April Music ("SATV"), Catala and Shin and Hamilton ("Contract #2). I am advised by Counsel that LA Reid and EMI April Music are not parties to the Dispute.

3. Exhibit C - Modification of Contract #2 dated January 1, 2014 ("Contract #3")

4. Exhibit D - Tolling Agreement dated as of April 14, 2017 between Shin and Catala, LA Reid and EMI April Music ("Contract #4").

5. Exhibit E - Royalty statement for the semiannual period ended June 30, 2016 issued by Universal Music Publishing Korea ("UMPK") to Joombas Music Publishing ("Joombas") for compositions written by Hyeong Kyu Kim. UMPK paid Joombas royalties of KRW 529,559 (USD 471).

6. Exhibit F - Administration Agreement dated January 20, 2017 between Warner/Chappell Music ("WCM") and Joombas ("2017 WCM Agreement").

7. Exhibit G - E-mail correspondence between David Wheatley of SonyATV and Catala.

8. Exhibit H - Wikipedia.org biography of Hyuk Shin including a discography of his work as a producer for the years 2009 through 2017, inclusive ("Shin Production Discography"). I am advised by Counsel that many of the works listed in the wikipedia.org discography are co-written by Shin.

9. Exhibit I - A list of acquired composition written by Hyeong Kyu Kim, Hansang Kim, Lara Ross and others.

10. A notarized affidavit dated January 20, 2022 from Juan Catala referencing Exhibit B and the option advances that would have been due Mr. Catala if Mr. Shin did not breach the terms of their agreement.

C. Documents provided by Shin (SHIN000001-004098), including but not limited to,

1. Writer song splits for various compositions.

2. The Court's ruling dated September 23, 2019 on Shin's motion to dismiss (SHIN00151-182).

3. A royalty statement for 10 compositions from an unspecified source for the period 2012M11 through 2014M01 totaling KRW 153,355,679 (USD 136,487) (SHIN000312-001632).

     i.    I used an exchange rate of KRW/USD of .00089 the same as used in item C5 below.
     ii.   The statement is mostly in Korean.

   iii. The statement appears to be a .pdf printout of an Excel worksheet. The Excel worksheet is not provided.
   iv. A summary of the statement by composition is included (SHIN000312).

4. A royalty statement for 10 compositions from an unspecified source for the period 2012M11 through 2014M01 stating that Shin's share of royalties is KRW 2,062,201 (USD 1,835) (SHIN001633-001813).

   i. I used an exchange rate of KRW/USD of .00089 the same as used in item C5 below.
   ii. The statement is mostly in Korean.
   iii. The statement appears to be a .pdf printout of an Excel worksheet. The Excel worksheet is not provided.
   iv. A summary of the statement by composition is included (SHIN001633).

5. A summary of royalties paid by KOMCA (Korean Music Copyright Association) to Joombas for the period 2012M06 through 2017M04 and the amount of these royalties attributable to Shin (SHIN001814-1817). These documents indicate that Shin's share of profits from this source for this period, after payment of writers and fees, is KRW 120,282,997 (USD 107,052).

6. A list of compositions written by Shin. I could not determine the source of this list (SHIN001911-001922).

7. Song splits for 41 compositions. I could not determine the source of this list (SHIN001923-001946).

8. A list of compositions and release dates. I could not determine the source of this list (SHIN001947-001978).

9. Royalty statements rendered by SATV to Shin for the semiannual periods 2016H2 through 2021H1. (SHIN002022-002104, 002107-004088). Shin's royalties on these statements total $8,963.

10. The Settlement Agreement and Release of Claims dated May 1, 2018 between Shin and LA Reid/EMI in which Shin paid $450,000 to LA Reid and EMI and was released from all claims "LA Reid Settlement") (SHIN004089-4098).

D. Writer agreement between Edward Ross Lara and Joombas dated September 9, 2012.

E. BMI song splits for 6 compositions co-written by Shin.

F. Summary of SATV royalty statements to Majik Entertainment for the semiannual periods 2014H1 through 2017H1, inclusive.

G. Except for publicly available information as otherwise stated herein, the information I relied on in this analysis was provided to me by Counsel. I did not independently verify the accuracy and completeness of this information.

H. I requested complete financial information related to royalties received by Shin and Joombas as relates to compositions Shin wrote or acquired, including all sources of revenue and a list of all relevant compositions. To date, I did not receive this information.

## V. Background Facts

8. The background facts of this case are stated in the Complaint filed by Catala's counsel in the United States District Court Southern District of New York of on September 14, 2018.

9. Contract #1 and Contract #2 state that Catala is entitled to 50% of all compositions written or acquired by Shin.

10. Contract #3 modifies Contract #2 and by extension Contract #1 so that Catala, Shin and LA Reid are entitled to 37.5%, 37.5% and 25%, respectively of non-performance income. The ration of Catala's share to LA Reid's share is 1.5 ("Ratio").

11. Contract #4 states that LA Reid and Catala asserted claims that Shin breached its obligations to deliver to LA Reid/EMI Music acquired compositions and income derived from the exploitation of these compositions.

12. Paragraph 27 of the Complaint states that Shin co-wrote many songs which were not delivered to either LA Reid or Catala.

13. LA Reid and Shin settled their dispute pursuant to the LA Reid Settlement. Shin paid LA Reid $450,000 to settle all claims. Catala was not a party to this settlement.

## VI. Analysis

14. It is my opinion that the best way to determine the amount that Shin owes Catala is to tabulate the royalties and other consideration received by Shin from the exploitation of the relevant compositions.

15. Counsel advises me that all compositions written or acquired by Shin are relevant compositions and that all revenues received by Shin from related to these compositions for the period 2009 to the present should be considered in my analysis.

16. I requested, but did not receive, documentation detailing the total amount of revenue collected by Shin from 2009 to the present. Accordingly, I cannot accurately determine the amount due Catala.

17. Notwithstanding, I received certain financial information which provides a floor for the amount owed by Shin to Catala.

   A. Shin entered into an administration agreement with Warner/Chappell Music, dated January 20, 2017and received advances totaling KRW 750,000,000 (USD 667,500).

   B. Shin entered into an administration agreement with Universal Music Publishing Korea ("UMPK") which preceded the administration agreement with Warner/Chappell Music. The WCM Agreement refers to the UMPK agreement. I received one royalty statement rendered by UMPK to Shin which stated that Shin earned KRW 529,559 (USD 471) (Complaint Exhibit E). I did not receive any other UMPK royalty statements or the agreement between UMPK and Shin.

   C. Shin produced a royalty statement for 10 compositions from an unspecified source for the period 2012M11 – 2014M01 totaling KRW 153,355,679 (USD 136,487) (SHIN000312).

   D. Shin produced a royalty statement for 10 compositions from an unspecified source for the period 2012M11 – 2014M01 stating that Shin's share of writer royalties total KRW 2,062,201 (USD 1,835) (SHIN001633).

   E. Shin produced a summary of royalties paid by KOMCA (Korean Music Copyright Association) to Joombas for the period 2012M06 through 2017M04 and the amount of these royalties attributable to Shin. (SHIN001814-1817). These documents indicate that Shin's share of profits from this source for this period, after payment of writers and fees, is KRW 120,282,997 (USD107,052).

   F. Shin produced royalty statements rendered by SATV to Shin for the semiannual periods 2016H2 through 2021H1 (SHIN002022-002104, 002107-004088). Shin's royalties on these statements total $8,963.

   G. Shin produced various lists of compositions which indicate that Shin wrote or acquired many more compositions than those detailed in the statements cited in items 18(A) through 18(F) herein.

   H. Catala and Shin entered into a co-publishing agreement with EMI in 2009 (Exhibit B) that contemplated two option advances. The first option advance would have been at least $135,000 and at most $270,000 and the second option advance would have been at least $150,000 and at most $300,000 (see Exh. B, page 5, section 6(b)(ii). Since these amounts would have been split evenly between Catala if Shin had not breached his agreement with Catala, As a result Catala missed out on at least $142,500 in additional advances and at most $285,000 in additional advances from Contract 2 (Exh. B).

18. Based on the documents provided to me, I determine that Catala is due 50% of the royalties attributable to Shin, at least $603,654. My calculation is on the attached Schedule A.

- 6 -

19. Alternately, the LA Settlement Agreement indicates that LA Reid/EMI Music settled their dispute with Shin for $450,000. Applying the Ratio to this amount indicates that Catala is due at least $675,000 ($450,000 x 1.5 = $675,000).

I reserve the right to amend this report based on any new information I receive.

Dated: January 22, 2022

GARY COHEN, CPA

**Assumptions and Limiting Conditions**

This analysis is made subject to the following general contingent and limiting conditions:

1. I assume no responsibility for the legal description or matters including legal or title considerations. Title to the subject assets, properties, or business interests is assumed to be good and marketable unless otherwise stated.
2. I assume responsible ownership and competent management with respect to the underlying assets.
3. The information furnished by others is believed to be reliable. However, I issue no warranty or other form of assurance regarding its accuracy.
4. I assume no hidden or unapparent conditions regarding the underlying assets.
5. I assume that there is full compliance with all applicable federal, state, and local regulations and laws unless the lack of compliance is stated, defined, and considered in the attached report.
6. Possession of this report does not carry with it the right of publication. It may not be used for any purpose by any person other than the client to whom it is addressed without our written consent, and, in any event, only with proper written qualifications and only in its entirety.
7. Neither all nor any part of the contents of this report may be disseminated to the public through advertising, public relations, news, sales, or other media without prior written consent and approval.
8. The analyses, opinions, and conclusions presented in this report apply to this engagement only and may not be used out of the context presented herein. This report is valid only for the effective date(s) specified herein and only for the purpose(s) specified herein.

**Certification**

I certify the following statements regarding this analysis:

1. I have no present or prospective future interest in the assets, properties, or business interests that are the subject of this report.
2. I have no personal interest or bias with respect to the subject matter of this report or the parties involved.
3. My compensation for making the analysis is in no way contingent upon the value reported, upon any predetermined value, or the outcome of the Dispute.
4. To the best of my knowledge and belief, the statements of facts contained in this report, on which the analyses, conclusions, and opinions expressed herein are based, are true and correct.
5. No persons have provided significant professional assistance regarding the analysis, opinions, and conclusions set forth in this report.
6. The reported analyses, opinions, and conclusions are limited only by the reported contingent and limiting conditions, and they represent my unbiased professional analyses, opinions, and conclusions.

Juan Catala, et al. v. Hyuk Shin, et al  
Estimate of Damages  
Schedule A

1.22.2022

| | reference | Period | USD |
|---|---|---|---|
| Warner/Chappell Advance | Complaint Exhibit F | | $667,500 |
| Universal Music Korea | Complaint Exhibit E | 6/30/2016 | $471 |
| Unspecified Source | SHIN000312 | 2012M11-2014M01 | $136,487 |
| Unspecified Source | SHIN001633 | 2012M11-2014M01 | $1,835 |
| KOMCA | SHIN001814-1817 | 2012M06-2017M04 | $107,052 |
| SATV | SHIN002022-2104, 2107-4088) | 2016H2 - 2021H2 | $8,963 |
| Minimum EMI Advances | Exhibit B | 2009 | $285,000 |
| | | | $1,207,308 |
| | | Catala Share | $603,654 |