UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN CATALA, d/b/a MAJIC
ENTERTAINMENT LLC, d/b/a
ADRAWN MUSIC PUBLISHING,

                Plaintiff,

- against -

JOOMBAS CO. LTD., JOOMBAS
MUSIC INT'L, JOOMBAS LLC,
JOOMBAS MUSIC GROUP, HYUK
SHIN, THE LA REID MUSIC
PUBLISHING COMPANY LLC, EMI
APRIL MUSIC INC., and SONY/ATV
SONGS LLC,

                Defendants.

**ORDER**

18 Civ. 8401 (PGG) (GWG)

---

PAUL G. GARDEPHE, U.S.D.J:

      Plaintiff Juan Catala, d/b/a Majic Entertainment LLC, d/b/a Adrawn Music Publishing ("Catala") brings this action against Defendant Hyuk Shin; Defendants Joombas Co. Ltd., Joombas Music International, Joombas LLC, and Joombas Music Group (collectively, the "Joombas Defendants"); and the LA Reid Music Publishing Company, LLC ("Reid"), EMI April Music Inc. ("EMI"), and Sony/ATV Songs LLC ("Sony") (collectively, the "Reid Defendants"). The Complaint asserts claims for breach of contract, breach of fiduciary duty, fraud, tortious interference with contractual relations, violation of the Copyright Act, and for an accounting. (Cmplt. (Dkt. No. 1)) Plaintiff's claims arise from a series of agreements among Plaintiff, Shin, the Joombas Defendants, and the Reid Defendants governing the rights to compositions authored by Shin.

      On September 23, 2019, this Court granted motions to dismiss submitted by the Joombas Defendants and the Reid Defendants. This Court granted in part and denied in part Shin's motion to dismiss. (Sept. 23, 2019 Order (Dkt. No. 80))

Catala and Shin thereafter filed cross-motions for summary judgment. (Pltf. Mot. (Dkt. No. 145); Def. Shin Mot. (Dkt. No. 155)) The submissions at Dkt. Nos. 147 and 149 filed in support of Catala's motion – which together contain nearly 800 pages – have been filed under seal, without explanation and without any motion seeking permission to file these submissions under seal.

As stated in this Court's Individual Rules (see Individual Rules of Practice of Judge Paul. G. Gardephe in Civil Cases, II.B.), any application for sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing, and must address the presumption in favor of public access to judicial documents. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) ("[The] court must first conclude that the documents at issue are indeed 'judicial documents'"; "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption"; "[f]inally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'"). The parties' consent to the sealing of a judicial document, or the existence of a protective order, does not constitute proof that the sealing of a judicial document is appropriate. See, e.g., In re Gen. Motors LLC Ignition Switch Litig., No. 14- MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The documents currently under seal will be unsealed by **August 2, 2023**, absent a motion to seal. Any motion to seal must address the <u>Lugosch</u> factors and propose sealing that is narrowly tailored to serve the purpose that allegedly justifies sealing.

Dated: New York, New York
       July 26, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge