UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

JUAN CATALA, d/b/a MAJIC
ENTERTAINMENT LLC, d/b/a ADRAWN
MUSIC PUBLISHING,

                             Plaintiff,

     - against -

JOOMBAS CO. LTD., JOOMBAS MUSIC
INT'L, JOOMBAS LLC, JOOMBAS MUSIC
GROUP, HYUK SHIN, THE LA REID
MUSIC PUBLISHING COMPANY LLC, EMI
APRIL MUSIC INC., and SONY/ATV
SONGS LLC,

                           Defendants.

**ORDER**

18 Civ. 8401 (PGG) (GWG)

---------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Juan Catala, d/b/a Majic Entertainment LLC, d/b/a Adrawn Music Publishing (collectively, "Catala") asserts claims for breach of contract, fraud, tortious interference with contract, violations of the Copyright Act, and for an accounting against songwriter Hyuk Shin and four companies that Shin owns (Joombas Co. Ltd., Joombas Music International, Joombas LLC, and Joombas Music Group, collectively, the "Joombas Defendants"). Plaintiff also asserts breach of contract and breach of fiduciary duty claims against the LA Reid Music Publishing Company, LLC, EMI April Music Inc., and Sony/ATV Songs LLC (collectively, the "Reid Defendants"). (Cmplt. (Dkt. No. 1)) Catala's claims arise from a series of agreements between and among Plaintiff, Shin, the Joombas Defendants, and the Reid Defendants governing the rights to compositions authored by Shin.

        On September 23, 2019, this Court granted (1) Shin's motion to dismiss Catala's claim for breach of Contract 1 as to conduct that took place after Contract 3 was executed on January 1, 2014; (2) Shin's motion to dismiss Catala's claims for breach of Contracts 2 and 3;

(3) the Reid Defendants' motion to dismiss Catala's breach of contract and breach of fiduciary duty claims; (4) the Joombas Defendants' motion to dismiss Catala's tortious interference with contract and fraud claims; (5) Shin's motion to dismiss Catala's Copyright Act claim; and (6) Shin's motion to dismiss Catala's claim for an accounting. (Sept. 23, 2019 Order (the "Dismissal Order") (Dkt. No. 80) at 17-29)

The motions to dismiss filed by the Joombas Defendants and the Reid Defendants were granted in their entirety. (Id. at 30) Shin's motion to dismiss was denied as to Plaintiff's claim for breach of Contract 1 for conduct related to Contract 1 that took place before Contract 3 was executed on January 1, 2014. (Id. at 17)

On March 31, 2021, this Court denied Plaintiff Catala's request for reconsideration of the Dismissal Order, and his request for leave to amend the Complaint. (March 31, 2021 Order (Dkt. No. 93); Mem. Op. (Dkt. No. 100)) After these rulings, Plaintiff's only surviving claim was for breach of contract against Shin, and only as to conduct regarding Contract 1 that took place prior to January 1, 2014. On September 20, 2023, this Court granted Defendant Shin summary judgment on that remaining claim. (Sept. 20, 2023 Order (the "Summary Judgment Order") (Dkt. No. 176))

On September 29, 2023, Plaintiff Catala appealed this Court's Dismissal Order and Summary Judgment Order. (Notice of Appeal (Dkt. No. 178))

In a June 3, 2025 summary order, the Second Circuit affirmed in part and vacated in part, and remanded the case for further proceedings. See Catala v. Joombas Co., No. 23-7251-CV, 2025 WL 1564656 (2d Cir. June 3, 2025).

The Second Circuit first addressed this Court's Dismissal Order, which granted motions to dismiss filed by the Joombas Defendants and the Reid Defendants and granted in part and denied in part Shin's motion to dismiss.

As to the Reid Defendants, the Second Circuit concluded that Plaintiff's breach of contract claim was properly dismissed, because "the complaint pleads no plausible theory under which the Reid Defendants – by settling their own claims against Shin – breached any obligation to Majic or Catala." Id. at *2 (emphasis in original).

On appeal, Plaintiff did not contend that this Court erred in dismissing his tortious interference and fraud claims against the Joombas Defendants. Id. at *1. And the Circuit found no error in this Court's denial of Plaintiff's motion for leave to amend his fraud and tortious interference claims against the Joombas Defendants. Id. at *2.

As to Plaintiff's breach of contract claims against Shin, however, the Second Circuit found that this Court had "erred in partially dismissing [those claims]," because Plaintiff "has plausibly alleged breach of contract claims against Shin after the third agreement's execution on January 1, 2014." Id. at *1-2. The Second Circuit also found that Shin's motion for summary judgment on Plaintiff's remaining breach of contract claim should have been denied, because "genuine issues of material fact exist as to (1) whether Joombas entities with interests in relevant compositions were Shin's 'Affiliates,' and (2) whether Shin failed to deliver to Majic all compositions in which such entities had an interest and transfer the required copyright ownership share." Id. at *3.

The Second Circuit also noted that because this Court had "dismissed Catala's breach of contract claims against Shin as to conduct that occurred after the third agreement's execution in January 2014," it "did not consider a summary judgment motion on claims

3

pertaining to Shin's conduct after January 1, 2014." Id. at *3 n.2. The Second Circuit went on to state that

> [b]ecause we now conclude that Catala has plausibly alleged claims that Shin breached his contractual obligations after the third agreement's execution, we note that if the record contains evidence that Shin continued to engage in similar conduct in 2014 and thereafter as that described above, summary judgment on these claims would likewise be inappropriate.

Id.

Given the Second Circuit's decision, only Plaintiff's breach of contract claims against Shin (see Cmplt. (Dkt. No. 1) ¶¶ 35-52) remain.

The Court will conduct a conference in this matter on **July 11, 2025, at 11:00 a.m.**, in Courtroom 705 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. By **July 7, 2025**, Plaintiff Catala and Defendant Shin will submit a joint letter setting forth how they believe this case should proceed in light of the Second Circuit's decision, including whether (1) further motion practice is necessary; (2) the Court should set a trial date; and (3) there is any opportunity to settle Plaintiff's contract claims against Shin.

Dated: New York, New York
June 27, 2025

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge