UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUAN CATALA et al.,                                    :

                    Plaintiffs,               :      ORDER

        -v.-                                          :      18 Civ. 8401 (PGG) (GWG)

JOOMBAS CO. LTD., et al.,                      :

                    Defendants.               :
-------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Juan Catala has filed a motion to reopen discovery, which defendant Hyuk Shin
opposes.   See Docket ## 206, 208, 210.   This request is prompted by the Second Circuit's
ruling in Catala v. Joombas Co., 2025 WL 1564656 (2d Cir. June 3, 2025), which (a) revived
plaintiff's previously dismissed breach-of-contract claims for the period after January 1, 2014
and (b) vacated the district court's grant of summary judgment for defendant.   In vacating the
grant of summary judgment, the Second Circuit held that a factfinder must determine whether —
for the period before January 1, 2014 — certain "Joombas entities" were defendant's "affiliates"
within the meaning of the parties' April 2009 agreement and, if so, whether defendant breached
his obligations under that agreement as concerns those entities.   See id. at *3.   Plaintiff now
seeks discovery into (a) "Shin's post-2014 conduct" and (b) "the unresolved factual questions
identified by the appellate court," which he considers to be "the identity of Shin's 'Affiliates,'
the scope of [Shin's] delivery obligations, and the division of copyright interests."   Docket
# 206 at 2-3.

        "[C]ourts have discretion to re-open discovery when there is good cause."   Yusupov-
Millevoi v. Kingyum Transps. LLC, 349 F.R.D. 491, 495 (S.D.N.Y. 2025) (citation and internal
quotation marks omitted).   On a motion to reopen discovery, courts consider "(1) whether trial is
imminent, (2) whether the request is opposed, (3) whether the non-moving party would be
prejudiced, (4) whether the moving party was diligent in obtaining discovery within the
guidelines established by the court, (5) the foreseeability of the need for additional discovery in
light of the time allowed for discovery by the district court, and (6) the likelihood that the
discovery will lead to relevant evidence."   Id. (citation and internal quotation marks omitted);
accord Moroughan v. Cnty. of Suffolk, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018).   In addition,
some consider "whether there has already been adequate opportunity for discovery."   Bakalar v.
Vavra, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (citation omitted).

        Defendant provides no persuasive argument that discovery should not be reopened at all.[1]
Instead, he argues that it should be confined to "the period for which discovery [has] not been

---

[1] Defendant does argue that the Second Circuit incorrectly analyzed defendant's post-2014
obligations.   See Docket # 208 at 2-4.   We reject this argument, however, since we are bound

taken — i.e., the post-2014 period — as there was nothing limiting [p]laintiff's ability to conduct discovery with respect to the pre-2014 period." Docket # 208 at 5. We agree. Plaintiff is not entitled to more discovery into, to use his words, "the unresolved factual questions identified by the appellate court." Docket # 206 at 3. That is, plaintiff is not entitled to more discovery into "the identity of Shin's 'Affiliates,' the scope of his delivery obligations, and the division of copyright interests" (or anything else) for the period before January 1, 2014. Id. Such discovery was foreseeable before judgment was entered, plaintiff has already had an opportunity to take discovery on these matters, and defendant would be unfairly prejudiced if plaintiff were given a second bite at the apple. See Millevoi, 349 F.R.D. at 495 To the extent plaintiff failed to obtain sufficient discovery on these questions, he was not "diligent." Id.

Plaintiff wrongly asserts that the Second Circuit "effectively found the record undeveloped" as to these matters. Docket # 206 at 2. In fact, the Second Circuit only found that the record "raises genuine issues of material fact as to whether Shin breached his obligations . . . to provide [Catala] with all compositions in which he or his Affiliates had an interest." Catala, 2025 WL 1564656, at *3. The Second Circuit never suggested that plaintiff had been unfairly denied discovery or was in any way entitled to discovery. The case cited by plaintiff, In re 650 Fifth Ave. & Related Props., 934 F.3d 147 (2d Cir. 2019), provides no basis for reopening discovery because in that case, the Second Circuit found the district court had "repeatedly denied [the moving party's] attempts to obtain discovery." Id. at 157 (citation and internal quotation marks omitted). There was no such denial here.

Matters occurring on or after January 1, 2014, relevant to plaintiff's breach of contract claims, however, stand on an entirely different footing. Plaintiff was prevented from taking such discovery because his breach-of-contract claims covering this period were dismissed from the case. Plaintiff obviously did not lack any diligence in pursuing such discovery because the dismissal ruling prevented him from doing so. This discovery will lead to evidence directly relevant to his now-revived claims. Moreover, trial is not imminent. Considering the foregoing, plaintiff's motion is granted as to "Shin's post-2014 conduct." Docket # 206 at 2.

Defendant suggests that any additional discovery should be "limited to the period before June 1, 2018," the date of a settlement agreement that allegedly terminated his obligations to plaintiff. Docket # 208 at 5. Defendant's argument amounts to a contention that certain discovery requests seek information that will ultimately not be relevant to any claim that plaintiff could pursue. Relevance, however, is normally judged based on the allegations of the complaint, not based on an adjudication of a planned defense in the context of a discovery dispute. Moreover, the parties' letters do not provide the Court sufficient information to adjudicate defendant's contention, even if it were appropriate to do so now. Accordingly, the Court will not limit plaintiff from taking discovery regarding the period after June 1, 2018.

Defendant makes various objections to each of the six "categories" of information plaintiff seeks. See # 208 at 6-7. Because plaintiff has not formally made any discovery requests, howeever, the Court will not now address those objections.

---

by the Second Circuit's ruling that plaintiff's claims must be allowed to proceed.

In sum, the application to reopen discovery is granted with respect to plaintiff's claims for breach of contract concerning post-2014 conduct.   The parties are directed to confer and to file either joint or separate proposals on or before January 15, 2026, for a schedule to conclude any further fact or expert discovery consistent with this Order.   The proposed schedule should also include a deadline for the filing of any letter to Judge Gardephe for permission to make a summary judgment motion or, if none is expected, the filing of a joint pretrial order.

SO ORDERED.

Dated:  January 6, 2026
           New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

3