UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CATALA D/B/A MAJIC ENTERTAINMENT LLC D/B/A ADRAWN MUSIC PUBLISHING,<br><br>                  Plaintiff,<br><br>-against-<br><br>JOOMBAS CO. LTD, JOOMBAS MUSIC INT'L,<br><br>JOOMBAS LLC, JOOMBAS MUSIC GROUP, HYUK SHIN, THE LA REID MUSIC PUBLISHING COMPANY LLC, EMI APRIL MUSIC INC., SONY/ATV SONGS LLC<br><br>                  Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION AND FED. R. CIV. P. 28(b)**<br><br>Case No. 18-CV-8401 |

**Table of Contents**

Summary of Relevant Procedural History ................................................................ 1

Statement of Facts: Requested Records and Their Relevance ..................................... 2

Authority and Legal Standard ................................................................................ 4

Argument — Application of Law to the Facts ........................................................... 8

    I. The Requested Discovery is Directly Relevant and Proportional to the Needs of the Case. ................................................................................................................. 8

    II. The Hague Convention is a Necessary Mechanism for Obtaining Evidence from a Foreign Non-Party. ...................................................................................................... 9

    III. The Request Respects Principles of International Comity. ........................................ 10

    IV. The Proposed Logistics Ensure an Efficient and Confidential Process. ...................... 11

Proposed Protective Measures and Confidentiality Protocol ....................................... 12

Conclusion and Prayer for Relief ........................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 359 (D. Del. 2010)..................... 11

*In re Cote D'Azur Estate Corp.*, 286 A.3d 504, 518–20 (Del. Ch. 2022) ................................... 11

*Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452–53 (D. Del.

    2010) ................................................................................................................................. 11

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 529–30 (1987)... 8,

    10

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 472, 474 (D. Del. 2003)

    .......................................................................................................................................... 11

**FEDERAL STATUTES**

26(b)(1) .................................................................................................................................... 9

28 U.S.C. § 1781....................................................................................................................... 9

28(b)......................................................................................................................................... 9

**TREATISES**

Hague Evidence Convention........................................................................................................ 9

**REGULATIONS**

22 C.F.R. § 92.51(a)–(b)........................................................................................................... 10

Plaintiff Juan Catala respectfully requests that the Court grant his motion and enter an Order authorizing the issuance and transmission of a Letter of Request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), Federal Rule of Civil Procedure 28(b), and 28 U.S.C. § 1781. Specifically, Plaintiff requests that the Court issue a Letter of Request to the competent judicial authority of the Republic of Korea to compel the production of documents from non-party Korea Music Copyright Association ("KOMCA") in the categories described in the proposed Letter of Request (Exhibit A) and subpoena (Exhibit B) to the Declaration of N. Keith White.

### Summary of Relevant Procedural History

This case was remanded by the Second Circuit for further proceedings on Plaintiff's breach of contract claims, requiring additional factual development regarding Defendant Hyuk Shin's ("Shin") ongoing contractual obligations and the role of his "Affiliates." On January 6, 2026, this Court granted Plaintiff's motion to reopen discovery, authorizing Plaintiff to obtain additional evidence from foreign third-party sources, including KOMCA.

KOMCA is a South Korean entity with no principal place of business in the United States and is therefore not subject to this Court's subpoena power under Federal Rule of Civil Procedure 45. Plaintiff has sought KOMCA-related information through domestic discovery directed at Defendants, but those productions have been incomplete. Because KOMCA is a foreign non-party beyond the reach of Rule 45, issuance of a Hague Evidence Convention Letter of Request is the only practicable compulsory mechanism to obtain this evidence. See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court, 482 U.S. 522, 541 (1987).

1

**Statement of Facts: Requested Records and Their Relevance**

Plaintiff seeks specific categories of non-privileged, commercial documents from KOMCA-the principal music copyright and performing rights organization in the Republic of Korea-for the period from January 1, 2014 through the present, as detailed in the proposed Letter of Request (Exhibit A) and subpoena (Exhibit B).

1. Registration and work-identification records for musical compositions authored or co-authored by Defendant Hyuk Shin, and for all musical works and accounts that KOMCA's records identify as related to or associated with Hyuk Shin, Joombas, Joombas Music, Joombas Music Int'l, Joombas Co. Ltd., Joombas LLC, Joombas Music Group, SK 153 Entertainment, 153 Entertainment, Joombas 153, Daniel Kim, Jeffrey Yoo, Andy Seung, Hee Jin Kim, Justin Hahn, or any other entity KOMCA's records reflect as acting as publisher, administrator, assignee, or affiliate for Shin or those entities, for the period January 1, 2014 to the present; for each work, Plaintiff seeks the KOMCA work number (or other unique identifier), full title, names and roles of all registered writers, publishers, and administrators, dates of initial registration, and the dates and details of any subsequent changes in ownership, administration, or other registration data, all as reflected in KOMCA's ordinary-course business records.

These registration records will allow the parties and the Court to identify which works qualify as contractual "Compositions," how ownership and administration have been allocated among Shin and his Affiliates over time, and thus provide a necessary foundation for the damages and affiliate analyses required by the Second Circuit's remand and for the Court's determination that the requested discovery is directly relevant and proportional to the needs of the case under Rule 26(b)(1).

2. Complete, non-privileged commercial royalty and accounting statements for all such registered musical compositions and related KOMCA accounts described in paragraph 1, for the period from January 1, 2014 through the present, showing all amounts accrued, collected, and distributed or credited in respect of those works, and identifying all payees, including (without limitation) Shin personally, any entity in which Shin holds a direct or indirect interest, any Joombas-branded entity, any 153-branded entity, and any other person or entity identified in KOMCA's records as an affiliate, counterparty, publisher, administrator, or assignee for those works or accounts.

3. All non-privileged commercial membership, mandate, collection, administration, distribution, or other agreements in effect at any time on or after January 1, 2014 between KOMCA and Shin, and between KOMCA and any of the entities identified in paragraph 1 (including Joombas- and 153-branded entities and any other entity KOMCA's records reflect as acting on Shin's behalf or as his publisher, administrator, assignee, or collecting agent) with respect to the above-described compositions and accounts.

4. All non-privileged commercial documents and records in KOMCA's files, from January 1, 2014 through the present, concerning any assignment, transfer, or other change in ownership, administration, or collection rights for the above-described compositions, including records reflecting changes in publisher or administrator and any cross-references in KOMCA's records to subsequent publishing or administration agreements involving those works (including, without limitation, agreements with Warner-Chappell or any other subsequent publisher or administrator), corresponding to the "statements, records, communications and documents" sought in the KOMCA subpoena attached as Exhibit B.

These categories are limited to non-privileged commercial records that are directly relevant to Plaintiff's claims and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff requests that KOMCA produce certified copies and, where feasible, provide materials in electronic form.

These records are essential to Plaintiff's claims. KOMCA's registration and ownership records will establish which musical works constitute "Compositions" under the parties' contracts and whether Shin complied with his obligation to transfer a 25% ownership interest in those works to Plaintiff. The royalty and accounting statements are necessary to trace income generated by the Compositions, calculate damages, and identify the network of Affiliates through which Shin has held or exploited interests in those works. Because KOMCA is the authoritative registration and royalty clearinghouse in Korea, is a non-party entity located in the Republic of Korea outside this Court's subpoena power, and its records are not reasonably available through domestic discovery, resort to Hague Evidence Convention procedures is the only practicable compulsory mechanism for obtaining them.

**Authority and Legal Standard**

The authority to seek evidence from foreign non-parties is governed by the Federal Rules of Civil Procedure, international treaty, federal statute, and implementing regulations. Federal Rule of Civil Procedure 28(b) provides that a deposition may be taken in a foreign country (1) "under an applicable treaty or convention," (2) "under a letter of request, whether or not captioned a 'letter rogatory,'" (3) "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination," or (4) "before a person commissioned by the court." Thus, Rule 28(b) expressly authorizes the use of letters of request—whether issued under a treaty—to obtain evidence abroad in civil litigation, and the method invoked here is a letter of request issued

4

pursuant to an applicable treaty, the Hague Evidence Convention. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 529–30 (1987) (recognizing that Rule 28(b) authorizes evidence-taking abroad by letter of request and that the Hague Evidence Convention "establishe[s] optional procedures that would facilitate the taking of evidence abroad").

The United States and the Republic of Korea are both signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), which is therefore the "applicable treaty or convention" within the meaning of Rule 28(b) for purposes of securing evidence from KOMCA in the Republic of Korea for use in this proceeding. Article 1 of the Hague Evidence Convention provides that a judicial authority of one Contracting State may request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence for use in civil or commercial judicial proceedings that have been instituted, thereby establishing a treaty-based procedure for one court to seek the assistance of another in taking evidence located abroad. Federal law expressly authorizes the transmission of such letters rogatory or requests through 28 U.S.C. § 1781, which empowers the Department of State to receive and transmit letters of request and permits direct transmittal between tribunals. Under *Societe Nationale*, the Hague Evidence Convention is a permissive supplement, not a pre-emptive replacement for other discovery methods, and its optional procedures are available whenever they will facilitate the gathering of evidence, subject to a case-specific, comity-based analysis that considers, among other things, the importance of the information sought, the specificity of the request, the availability of alternative means, and the respective sovereign interests.

5

In granting this motion, Plaintiff respectfully submits that the Court should make the following findings, consistent with Federal Rules of Civil Procedure 26(b)(1) and 28(b), the Hague Evidence Convention, and 28 U.S.C. § 1781, in support of issuance of the Letter of Request: (1) that KOMCA is a foreign, non-party entity located in the Republic of Korea and outside this Court's subpoena power under Federal Rule of Civil Procedure 45; (2) that the KOMCA records described in the proposed Letter of Request and subpoena are non-privileged commercial registration, ownership, contractual, and royalty/accounting documents that are "non-privileged matter that is relevant to [at least one] party's claim or defense and proportional to the needs of the case" within the meaning of Federal Rule of Civil Procedure 26(b)(1); (3) that resort to Hague Evidence Convention procedures under Rule 28(b) is necessary and appropriate to obtain this evidence from KOMCA as one of the methods of taking evidence abroad expressly recognized in Rule 28(b) and 22 C.F.R. § 92.51(a)–(b), and will facilitate the gathering of evidence in the manner contemplated by *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522 (1987); and (4) that the proposed Letter of Request is narrowly tailored to the specific categories of non-privileged commercial documents described therein and in Exhibit B and is consistent with the Hague Evidence Convention framework, principles of international comity, and the sovereign interests of the Republic of Korea.

In *Societe Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522 (1987), the Supreme Court held that the Hague Evidence Convention provides "optional procedures" and is a "permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad," and that Convention procedures, while not mandatory or required as a "first resort," may be employed "whenever they will facilitate the gathering of evidence," after a particularized analysis of comity, the specific facts of the case, the sovereign interests involved,

6

and the likelihood that resort to those procedures will prove effective. In conducting that analysis, courts consider, among other things, (i) the importance of the documents or information requested to the litigation, (ii) the degree of specificity of the request, (iii) whether the information originated in the United States, (iv) the availability of alternative means of securing the information, and (v) the extent to which noncompliance would undermine important interests of the United States or compliance would undermine important interests of the state where the information is located. *See id.* at 544 & n.28; *In re Cote D'Azur Estate Corp.*, 286 A.3d 504, 518–20 (Del. Ch. 2022).

Courts generally grant motions for the issuance of letters of request where the non-privileged discovery sought is relevant to a party's claims or defenses and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), and the moving party has shown that issuance is warranted. *See, e.g.*, *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 472, 474 (D. Del. 2003) (recognizing Hague Evidence Convention procedures as a "permissive route" for obtaining evidence abroad and granting letters of request where the requested testimony and documents were in the possession of foreign non-parties beyond the court's jurisdiction); *Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452–53 (D. Del. 2010) (granting applications for letters of request under the Convention to obtain testimony and documents from foreign non-party witnesses who had not voluntarily subjected themselves to discovery); *Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 359 (D. Del. 2010) (explaining that "some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory"). Consistent with these authorities and with *Societe Nationale Industrielle Aerospatiale*, Plaintiff respectfully submits that the Court should expressly find that (i) the KOMCA records sought are non-privileged commercial registration, ownership, contractual, and royalty/accounting documents that are directly relevant and

7

proportional under Rule 26(b)(1); (ii) KOMCA is a foreign non-party located in the Republic of Korea and outside the reach of Rule 45, such that resort to Hague Evidence Convention procedures is necessary and will "facilitate the gathering of evidence" in the sense described by *Societe Nationale*; and (iii) the proposed Letter of Request is specific and narrowly tailored to the categories of information described in Exhibits A and B. On that basis, issuance of the Letter of Request accords with principles of international comity, and there is no "good reason" to deny Plaintiff's application.

### Argument — Application of Law to the Facts

Issuance of a Letter of Request to the competent judicial authority in the Republic of Korea is warranted because the KOMCA documents sought are highly relevant, narrowly tailored, and essential to resolving the issues the Second Circuit remanded, and because Hague Evidence Convention procedures are the only practicable means of obtaining this discovery from a foreign non-party consistent with principles of international comity.

### I. The Requested Discovery is Directly Relevant and Proportional to the Needs of the Case.

Under Federal Rule of Civil Procedure 26(b)(1), discovery is permitted as to any non-privileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. Plaintiff must show (1) which musical works qualify as "Compositions" under the contracts, (2) that Defendant Shin failed to transfer Plaintiff's 25% ownership interest in those works, and (3) the resulting damages-issues the Second Circuit specifically identified for further factual development on remand. KOMCA's registration records identify the works authored or co-authored by Shin and the registered ownership and administration shares, which are necessary to determine whether Shin complied with his contractual transfer obligations. KOMCA's royalty and accounting statements show the income flows for those works, including amounts paid to Shin

8

and his associated entities, and are indispensable for calculating damages and tracing income diverted through Shin's Affiliates. The request is proportional because it is limited to specific categories of records for works associated with Shin and his identified business entities during the relevant period, tailored to the core liability and damages questions in this case.

**II. The Hague Convention is a Necessary Mechanism for Obtaining Evidence from a Foreign Non-Party.**

Resort to the Hague Evidence Convention is appropriate and necessary because KOMCA is a foreign non-party entity located in the Republic of Korea, which has not submitted to this Court's jurisdiction and is outside this Court's subpoena power under Federal Rule of Civil Procedure 45. The Hague Evidence Convention therefore provides the proper—and here, the only practicable—treaty-based channel for obtaining discovery from such foreign non-parties that are beyond the reach of Rule 45 and have not voluntarily subjected themselves to U.S. discovery. *See, e.g.*, *Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452–53 (D. Del. 2010) (resort to Hague Evidence Convention "entirely appropriate" where non-party witness abroad refused to make himself available for deposition or to produce documents); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (resort to Hague Evidence Convention appropriate where individuals were "not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court").

Plaintiff cannot obtain the KOMCA records through ordinary domestic discovery. Defendants' productions are incomplete and do not include KOMCA's primary registration and royalty records, and Defendants cannot be compelled to produce documents within KOMCA's exclusive possession, custody, or control. Plaintiff has prepared a domestic subpoena to KOMCA in AO 88B form (Exhibit B), but because KOMCA has no offices, agents for service, or other

presence in the United States, that subpoena cannot be enforced under Rule 45. A Letter of Request under the Hague Evidence Convention is therefore the only mechanism that can compel KOMCA to produce the registration and royalty records necessary to identify the Compositions, trace ownership through Shin's Affiliates, and quantify Plaintiff's damages.

## III. The Request Respects Principles of International Comity.

In deciding whether to employ Hague Evidence Convention procedures, the Court must also consider principles of international comity as articulated in *Societe Nationale Industrielle Aerospatiale* and its progeny, including the respective sovereign and practical interests implicated by seeking evidence from KOMCA in the Republic of Korea.

Employing the Hague Evidence Convention demonstrates respect for the sovereignty of the Republic of Korea by utilizing a formal, treaty-based system of judicial cooperation rather than attempting to exercise unilateral, extraterritorial discovery power over a Korean entity. In *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522 (1987), the Supreme Court instructed courts to conduct a "particularized analysis" of comity interests when considering the use of Convention procedures, taking into account, among other things, (i) the importance to the litigation of the information requested, (ii) the degree of specificity of the requests, (iii) whether the information originated in the United States, (iv) the availability of alternative means of securing the information, and (v) the extent to which noncompliance would undermine important interests of the United States or compliance would undermine important interests of the state where the information is located. Here, that analysis strongly favors use of the Convention: the KOMCA materials identified in the proposed Letter of Request (Exhibit A) and KOMCA subpoena (Exhibit B) consist solely of non-privileged, commercial registration, ownership, contractual, and royalty/accounting records of the type routinely requested in civil litigation; they are of central

10

importance to the liability and damages issues remanded by the Second Circuit; the requests are specific as to categories, entities, works, and time period; the records are located in, and originate from, the Republic of Korea rather than the United States; there is no realistic alternative means to obtain them absent compulsory process directed to KOMCA; and nothing in the record suggests that production of such ordinary commercial records would impair any significant sovereign or public-law interest of the Korean government. Proceeding through the Hague Evidence Convention thus honors the Republic of Korea's judicial sovereignty, minimizes the risk of international friction, and employs a neutral, bilateral mechanism equally available to all parties in this case, while allowing this Court to exercise the "special vigilance" over foreign discovery that *Societe Nationale* contemplates. In these circumstances, and consistent with decisions recognizing that "some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory," *Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 359 (D. Del. 2010), there is no good reason under the comity framework articulated in *Societe Nationale* to deny the issuance of the requested Letter of Request.

## IV. The Proposed Logistics Ensure an Efficient and Confidential Process.

The proposed Letter of Request (Exhibit A) is drafted in accordance with Article 3 of the Hague Evidence Convention, modeled on this Court's standard "depreq" Hague template, and clearly delineates the categories of KOMCA documents sought. All documents produced in response will be governed by the existing Stipulated Protective Order, permitting designation of sensitive materials as confidential or attorneys' eyes only and requiring that filings disclosing such materials be made under seal. Plaintiff is prepared to bear reasonable translation and transmission costs and to coordinate with the appropriate Central Authority in the Republic of Korea or the U.S.

11

Department of State to ensure prompt execution of the Letter of Request pursuant to 28 U.S.C. 1781.

### Proposed Protective Measures and Confidentiality Protocol

To address any legitimate privacy or commercial sensitivity concerns held by KOMCA or Defendants, Plaintiff proposes that all documents and information produced in response to the Letter of Request be treated as discovery in this action and governed by the existing Stipulated Protective Order, or by a substantially similar confidentiality order that the Court may enter. Under such an order, KOMCA or any party may designate produced materials as confidential or attorneys' eyes only, any court filings that quote or attach such materials will be filed under seal consistent with the Protective Order and this Court's rules, and the parties will meet and confer regarding appropriate redactions of irrelevant personal identifying information or commercially sensitive material. Plaintiff will also ensure that any originals and certified translations produced pursuant to the Letter of Request are handled in accordance with directions issued by the Korean judicial authority.

These measures ensure that discovery proceeds efficiently while protecting sensitive information, consistent with the Supreme Court's instruction that courts exercise "special vigilance" to protect foreign entities from unnecessary or unduly burdensome discovery, and further the Hague Evidence Convention's comity objectives.

Attached hereto as Exhibit A is a proposed Letter of Request to the Competent Judicial Authority of the Republic of Korea, modeled on this Court's standard Hague Evidence Convention "depreq" template, drafted in conformity with Article 3 of the Hague Evidence Convention, and respectfully submitted for the Court's review and approval. The draft is captioned in accordance with Article 3, identifies this Court as the requesting judicial authority, and specifies with

12

particularity the evidence to be obtained from KOMCA—namely, the non-privileged commercial documents and records detailed in the previously prepared subpoena to KOMCA (Exhibit B). It also addresses translation, authentication, and certification requirements, and provides contact information for counsel and, as appropriate, the U.S. Central Authority, to facilitate execution by the Korean judicial authorities through the channels authorized by the Hague Evidence Convention and 28 U.S.C. § 1781.

Attached hereto as Exhibit C is a Proposed Order for the Court's consideration. The Proposed Order would grant Plaintiff's motion for issuance of a Letter of Request; authorize the issuance and transmission of the Letter of Request pursuant to Federal Rule of Civil Procedure 28(b), 28 U.S.C. § 1781, and the Hague Evidence Convention; direct the Clerk of Court to sign, date, and issue the Letter of Request under the seal of the Court; authorize the Clerk of Court and/or Plaintiff's counsel to transmit the Letter of Request to the appropriate Central Authority in the Republic of Korea or otherwise in a manner permitted by 28 U.S.C. § 1781(b)(2); and provide that all documents produced shall be treated as discovery in this action and shall be subject to the protective measures outlined herein and in the existing Stipulated Protective Order (or any further confidentiality order the Court may enter) governing this case.

## Conclusion and Prayer for Relief

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Issuance of a Letter of Request and enter an Order: (1) authorizing, pursuant to Federal Rule of Civil Procedure 28(b), the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and 28 U.S.C. § 1781, the issuance of a Letter of Request to the competent judicial authority in the Republic of Korea in the form attached as Exhibit A; (2) directing the Clerk of Court to sign, date, and affix the seal of the Court to the Letter of Request and either

13

return the executed Letter of Request to Plaintiff's counsel for transmission or transmit it through such channels as are authorized by 28 U.S.C. § 1781(b)(2); and (3) providing that any documents and information produced in response to the Letter of Request shall be treated as discovery in this action and governed by the existing Stipulated Protective Order or such further confidentiality order as the Court may enter. Plaintiff further requests that the Court's Order include specific findings that: (a) KOMCA is a foreign, non-party entity located in the Republic of Korea and outside this Court's subpoena power under Federal Rule of Civil Procedure 45; (b) the KOMCA records described in Exhibit A (the proposed Letter of Request) and Exhibit B (the KOMCA subpoena) are non-privileged commercial registration, ownership, contractual, and royalty/accounting documents that are relevant to Plaintiff's claims and Defendants' defenses and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1); (c) resort to Hague Evidence Convention procedures pursuant to Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781 is necessary and appropriate to obtain this evidence from KOMCA and will facilitate the gathering of evidence by the means authorized in the Convention, consistent with *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522 (1987); and (d) the proposed Letter of Request is specific and narrowly tailored to the categories of information described therein and consistent with principles of international comity and the sovereign interests of the Republic of Korea as contemplated by *Societe Nationale*.

Dated: March 26, 2026

Respectfully submitted,

//N. Keith White
Keith White, PLLC
396 Waverly Avenue
Brooklyn, New York 11238
(718) 403-9261
keith@keithwhitelaw.com

*Attorneys for Plaintiff Juan Catala*

14