UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JUAN CATALA,                                          :

              Plaintiffs,                       :          <u>ORDER</u>

    -v.-                                              :          18 Civ. 8401 (PGG) (GWG)

JOOMBAS CO. LTD., et al.,                             :

              Defendants.                       :
--------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff has moved the Court to issue a letter of request pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231 ("Hague Convention").

      We deny plaintiff's motion (Docket # 217) as untimely.   Fact discovery closes in less than two weeks, <u>see</u> Docket # 214 ¶ 4, and we have ordered that all discovery "must be initiated in time to be concluded by the deadline," <u>id.</u> ¶ 10.   The use of letters of request has been described as "a cumbersome and time-consuming process," <u>Spahic v. Int'l Ctr. for Transitional Just. Inc.</u>, 2019 WL 7605895, at *8 (S.D.N.Y. Apr. 25, 2019), <u>adopted as modified by</u>, 2019 WL 4784675 (S.D.N.Y. Sept. 27, 2019), <u>aff'd</u>, 821 F. App'x 49 (2d Cir. 2020), and were we to grant plaintiff's motion, the requested letter would not yield discovery by the May 15 fact discovery deadline.

      Our denial is without prejudice to renewal of the motion if an application is made to extend the discovery period and that application is granted.

      Should plaintiff renew the motion, any memorandum of law should address the following questions, which were prompted by our consideration of the memorandum of law at Docket # 217-5:

(1) Would South Korea execute the letter of request plaintiff seeks, given that it has declared under Article 23 of the Hague Convention that "it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents"?   <u>See</u> Reservations and Declarations of the Republic of Korea, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1057&disp=resdn (last accessed May 5, 2026).

(2) Why is plaintiff unable to obtain the information described at Docket # 217-5 at 2-3 directly from defendant?

(3) How are the following categories of information relevant to plaintiff's claims: "[a]ll non-privileged commercial membership, mandate, collection, administration, distribution, or other agreements in effect at any time on or after January 1, 2014 between KOMCA and Shin" or his affiliates" and "[a]ll non-privileged commercial documents . . . from January 1, 2014 through the present, concerning any assignment, transfer, or other change in ownership, administration, or collection rights for the above-described compositions"?   Docket # 217-5 at 3.

(4) Is a comity analysis always required prior to the issuance of a letter of request under Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 522 (1987) and Second Circuit case law?   See Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd., 2026 WL 1078382, at *5 (S.D.N.Y. Apr. 21, 2026) (questioning whether such an analysis is appropriate where a court is deciding whether to issue a letter of request as opposed to "directly compelling discovery from a foreign entity or sovereign").

SO ORDERED.

Dated: May 6, 2026
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge