# KEITH WHITE, PLLC
## ATTORNEY & COUNSELOR AT LAW

396 WAVERLY AVENUE BROOKLYN, NY 11238

(Tel) 718-403-9261                                        (email) keith@keithwhitelaw.com

May 12, 2026

MEMORANDUM ENDORSED

**VIA ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

**Re: *Catala v. Joombas Co., Ltd.*, 1:18-cv-08401-PGG-GWG**
**Plaintiff's Letter Motion for 60-Day Extension of Discovery Deadline and Related Deadlines**

Dear Judge Gorenstein:

Plaintiff Juan Catala writes to respectfully request a 60-day extension of the current May 15, 2026 fact discovery deadline, together with a corresponding 60-day extension of all expert-discovery, pretrial, and other discovery-dependent deadlines. Good cause exists as Plaintiff has diligently prosecuted the Court-authorized post-2014 discovery, serving more than twenty third-party subpoenas to Sony, ASCAP, Warner Music Group, Warner Chappell Music/Warner Chappell Korea, KOMCA, Bank of America, and other publishers, performing-rights organizations, and financial institutions. Despite those efforts, complete 2014–2026 revenue, royalty, registration, publishing, administration, and accounting statements remain outstanding. These indispensable records show Defendant Hyuk Shin's post-2014 conduct, the relevant Affiliates and Compositions, royalty flows, ownership transfers, and damages. Plaintiff sought Defendant's consent on May 8, 2026, followed up on May 11, 2026, and received Defendant's refusal on May 12, 2026. Absent an extension, Plaintiff will be forced into expert and pre-trial motion practice without the core third-party records the reopened discovery was designed to capture.

### Procedural Background and Current Posture

The Second Circuit vacated the grant of summary judgment in favor of Defendant Hyuk Shin and remanded for further proceedings on Plaintiff's breach-of-contract claims, including claims concerning Shin's post-January 1, 2014 conduct. Pursuant to the Court's January 6, 2026 Order, discovery was reopened with respect to those claims, and the current fact-discovery deadline is May 15, 2026. This is Plaintiff's first request for an extension of that deadline.

The discovery now outstanding is not collateral or newly conceived. Defendant Shin's January 30, 2026 interrogatories place squarely at issue the identification of alleged "Affiliates," "Compositions," and musical works for which Shin allegedly failed to transfer the required ownership share during both the Contract Period (January 1, 2014 through June 1, 2018) and the Post-Contract Period (June 2, 2018 through the present). Interrogatories Nos. 6 through 11 specifically seek the identity of every such Affiliate, Composition, and transfer failure. Plaintiff cannot answer those interrogatories completely, or serve a fully informed expert report on damages, without the underlying third-party records that remain outstanding. The requested extension does not seek to open new subject areas; it only seeks sufficient time to complete the court-authorized discovery already in progress.

In response to Plaintiff's exhaustive efforts to obtain discovery, some third parties have made partial productions. However, complete 2014-2026 statements from Warner Music Group, Warner Chappell Music/Warner Chappell Korea, and KOMCA remain outstanding. These records are necessary to: (i) identify the Affiliates, Compositions, and revenue streams Defendant's own deposition testimony and interrogatories place in dispute; (ii) reconcile existing ASCAP, Warner Chappell, KOMCA, and bank/accounting records; (iii) determine whether Shin transferred required ownership interests during the Contract Period and Post-Contract Period; and (iv) complete Plaintiff's damages analysis. Good cause for the requested extension therefore exists under Fed. R. Civ. P. 16(b)(4).

### Outstanding Third-Party Warner/KOMCA Statements and Need for Additional Time

Warner Music Group has provided some documents from Warner Chappell (their publishing arm), however they have refused to provide statements from Warner Chappell Korea, the specific subsidiary in partnership with the Defendant.[1] The Warner Music Group dispute illustrates the need for additional time and potential judicial intervention. Warner Music Group acknowledged service of Plaintiff's second subpoena on April 23, 2026 and claimed that Warner Chappell Music, Inc.'s April 6, 2026 production constituted a complete response on its behalf.[2] Plaintiff rejected that position as the subpoena specifically sought Warner Chappell Korea documents that Warner Chappell U.S. never produced. Warner Music Group then asserted lack of "requisite ownership or control" over Warner Chappell Music Korea Inc. - a position that, if accepted at face value, would allow a multinational corporate family to shield a subsidiary's records from Rule 45 process. Plaintiff requested a sworn declaration addressing control and reserved the right to move to compel under Rule 45 or to seek limited jurisdictional discovery on control. That process cannot be completed before May 15, 2026.

Without additional time, Plaintiff will be forced to proceed to expert and other discovery-dependent deadlines without the revenue, royalty, and publishing statements that the reopened discovery was intended to capture - and without the opportunity to seek judicial intervention regarding Warner Music Group's control assertion or KOMCA's compliance status.

The record demonstrates the necessity of the Warner Chappell Korea materials. ASCAP's July 29, 2019 correspondence states that Warner Chappell Music Korea Inc. was to administer 153

---

[1] See email exchange with a legal representative from Warner Music Group, attached here as Exhibit A.

[2] Id.

Joombas Music Group Co. Ltd.'s interest in specified works and that correspondence, statements, and checks for those works would be sent to Warner Chappell Music Korea Inc. ASCAP catalog materials identify 153 Joombas Music Group Co. Ltd. as a member with 2,919 works and include entries involving KOMCA, WC Music Corp., Warner-related entities, Warner Chappell Music Korea Inc., and unknown-publisher interests. Separately, Warner/Chappell materials reflect a July 1, 2018 effective date, worldwide territory, retroactive collection, and directions that income, statements, checks, and correspondence be sent to Warner/Chappell entities. These outstanding statements are needed to reconcile Shin/Joombas revenue summaries, ASCAP and Warner records, KOMCA data, and payment flows for purposes of liability, ownership-transfer issues, Affiliate analysis, and damages. Without additional time, Plaintiff will be forced to proceed to expert and discovery-dependent deadlines without the core third-party records necessary to complete the accounting the reopened discovery was intended to address.

### Shin's Testimony Confirms the Relevance of Joombas, 153 Joombas, Warner Chappell Korea, and KOMCA Records

Shin's deposition testimony further confirms the relevance of the outstanding Warner Chappell Korea and KOMCA statements. In his recent deposition, Shin testified that Sony collected his prior publishing income from approximately 2009 through 2018, and that Warner Chappell collected or administered his publishing income from 2018 forward. Shin also testified that Joombas Co. Ltd. in Korea was the Joombas entity in partnership with Warner Chappell to collect or administer his publishing income. Shin further described the Warner Chappell Korea arrangement as an administration agreement and identified Sook-Ja Seo and Daniel Kim as his partners in Joombas during the 2014 to 2019 period. That testimony makes the Warner Chappell Korea and KOMCA statements necessary to identify the works administered, the entities credited, the ownership and collection percentages applied, the royalties generated, and the recipients of those royalties. The outstanding Warner Music Group, Warner Chappell Korea, and KOMCA statements are also necessary because Shin's own testimony establishes that Joombas and 153 Joombas were not remote third parties - they were entities through which Shin exercised direct business control. Whether those entities functioned as Shin's "Affiliates" within the meaning of the parties' agreement is one of the central disputed issues in the reopened discovery.

Shin's admissions that he controlled Joombas writer-signing and contract authority, that Joombas lacked formal corporate separation, and that Joombas Co. Ltd. in Korea partnered with Warner Chappell to administer his publishing income, make the Warner Chappell Korea and KOMCA statements essential. Without them, Plaintiff cannot identify which compositions generated revenue from 2014 through 2026, what ownership and collection shares were applied, or where the resulting royalties were paid. The 60-day extension is necessary to obtain or compel those records and to complete the tracing analysis before discovery-dependent deadlines expire.

### Proportionality, Confidentiality, and Narrow Scope of Requested Extension

The requested extension is proportional and targeted. Plaintiff is not seeking to expand the scope of reopened discovery; the outstanding records are drawn from subpoenas already served and third-party relationships already identified in the record. Any claim of prejudice to Defendant is minimal: Defendant will receive the same materials Plaintiff obtains from Warner, KOMCA, and related entities, and no new depositions of Defendant or his witnesses are contemplated. By contrast, denying the extension would be highly prejudicial to Plaintiff, who would be forced to

submit an expert damages report without the underlying revenue, royalty, and publishing statements on which any reliable analysis must rest.

Specifically, the 60-day extension will permit Plaintiff to: (i) continue meet-and-confer efforts and compel compliance with outstanding subpoenas; (ii) move under Rules 37 and 45 to compel Warner Music Group to produce Warner Chappell Korea records or provide a sworn control declaration; (iii) pursue Hague Evidence Convention procedures or other appropriate mechanisms to obtain KOMCA records; and (iv) seek limited jurisdictional discovery concerning Warner Music Group's custody, control, or practical ability to obtain Warner Chappell Korea documents if necessary. The requested extension will impose minimal burden on Defendant and the Court. Plaintiff seeks only third-party records from entities already subject to process. The sole consequence of a denial would be that Plaintiff proceeds on the basis of an incomplete factual record, creating a strong likelihood of renewed motion practice and appellate issues concerning the adequacy of the damages and liability record. A brief extension now avoids that risk efficiently.

Plaintiff's request is narrowly tailored. The extension is limited to: (i) complete Warner Music Group, Warner Chappell Music, and Warner Chappell Korea revenue, royalty, publishing, administration, accounting, and payment statements for 2014-2026; (ii) KOMCA registration, royalty, and payment statements for the same period; and (iii) documents sufficient to reconcile those records with existing ASCAP catalogs, Warner Chappell materials, Shin/Joombas revenue summaries, and bank or accounting records produced in discovery.

### Proposed Extension and Relief Requested

For the reasons set forth above, Plaintiff respectfully requests the following relief:

1. **Fact Discovery Extension:** The current fact discovery deadline of May 15, 2026 should be extended by 60 days, through and including July 14, 2026, for the limited purpose of completing discovery concerning Shin's post-January 1, 2014 conduct, including the outstanding Warner Music Group, Warner Chappell Music, Warner Chappell Music Korea Inc., KOMCA, Sony, ASCAP, Bank of America, and related third-party records.

2. Outstanding Third-Party Discovery: During the extended discovery period, Plaintiff should be permitted to continue pursuing and, if necessary, compel outstanding third-party subpoena responses from Warner Music Group, Warner Chappell Music, Warner Chappell Music Korea Inc., KOMCA, Sony, ASCAP, Bank of America, and related publishers, performing-rights organizations, collection societies, and financial institutions.

3. **Related Deadlines:** All expert-discovery deadlines, including supplemental expert reports, rebuttal reports, and expert depositions, should be extended by 60 days. Any deadline to submit pre-motion letters or motions for summary judgment, any deadline to submit a joint pretrial order, and all other discovery-dependent case-management deadlines should likewise be extended by 60 days.

Plaintiff further requests permission to seek judicial intervention as necessary concerning the outstanding third-party discovery, including Rule 45 relief, motions to compel, limited discovery concerning custody, control, or practical ability to obtain Warner Chappell Korea records, and Hague Evidence Convention procedures or other appropriate mechanisms to obtain KOMCA records. This request is limited to completing the already-authorized reopened discovery

concerning Shin's post-2014 conduct and the outstanding 2014–2026 revenue, royalty, publishing, registration, administration, accounting, and payment records necessary to identify relevant Affiliates, Compositions, ownership interests, royalty streams, payment flows, and damages.

Plaintiff certifies that counsel sought Defendant's consent to this extension on May 8, 2026, followed up on May 11, 2026, and received Defendant's refusal on May 12, 2026. Plaintiff respectfully requests that the Court grant the requested relief.[3]

Respectfully submitted,

Ss/N. Keith White
KEITH WHITE, PLLC
*Counsel for Plaintiff Juan Catala*

No opposition having been filed to the request for an extension, the deadlines in paragraphs 4 through 9 of Docket # 214 are each extended by 60 days.  Any future request for an extension must comply with paragraph 1.E of the Court's Individual Practices, which requires  "giving the new proposed date for each affected deadline."

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
May 15, 2026

---

[3] See communication between counsel, attached here as Exhibit B