# KEITH WHITE, PLLC
## ATTORNEY & COUNSELOR AT LAW

396 WAVERLY AVENUE BROOKLYN, NY 11238

(Tel) 718-403-9261                                          (email) keith@keithwhitelaw.com

**VIA ECF**                                           MEMORANDUM ENDORSED

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Catala v. Joombas Co. Ltd., et al.*, No. 18-cv-8401 (PGG) (GWG)
Plaintiff's Letter-Motion to Compel Production of Avex, Warner Chappell Korea, and Universal Agreements

Dear Judge Gorenstein:

Plaintiff Juan Catala respectfully moves to compel Defendant Hyuk Shin to produce the executed agreements, amendments, schedules, catalog lists, royalty provisions, administration provisions, and related statements concerning Avex, Warner Chappell Korea, Warner Chappell Music, Universal Music Publishing, and UMG, to the extent those agreements involve Shin, Joombas, Joombas Co. Ltd., Joombas Music Group, Joombas LLC, 153 Joombas, or any related Joombas/153 entity.

Plaintiff served a good-faith letter on May 18, 2026 requesting that Defendant produce the executed agreements between Hyuk Shin and Avex, Warner Chappell Korea, or Universal Publishing, and requested a response by May 21, 2026.[1] Plaintiff expressly offered to meet and confer regarding the request.[2] Defendant did not substantively respond by the requested deadline. Plaintiff followed up on May 28, 2026, clarified that the request included agreements involving Shin and/or the Joombas entities, and advised that Plaintiff would seek Court intervention absent a substantive response by May 29, 2026 at noon.[3] Defendant's counsel responded only that the request was "different," that he would confer with his client, and that he was in depositions until the middle of the following week.[4] Defendant has not produced the agreements, identified a production date, or asserted a specific objection.

The requested agreements are directly relevant and should be produced immediately. Shin testified that there was a contract between Universal Music Publishing Group and Joombas.[5] Shin also testified that Joombas entered into a publishing or administration agreement with Warner

---

[1] Plaintiff's Good Faith Letter attached here as Exhibit A.
[2] Exhibit A, p.1
[3] Plaintiff's follow up email, attached here as Exhibit B.
[4] Exhibit B, p.1
[5] Shin's First Deposition Transcript, attached here as Exhibit C. Specific reference is made to pages 75, 76, 77, 78, 79, 80, 81.

Chappell Music Publishing in 2021 and that he signed that agreement on behalf of Joombas.[6] In his more recent deposition, Shin testified that Warner Chappell collected or administered his publishing income after 2018 and that Joombas Co. Ltd. in Korea was the Joombas entity in partnership with Warner Chappell for that purpose.[7] Shin further testified that the Warner Chappell Korea agreement was an administration agreement.[8]

The record also establishes Shin's substantial role in Joombas. Shin testified that he was paid by Joombas, signed publishing agreements on behalf of Joombas, participated in forming Joombas, and was in charge of creative and writer-signing functions.[9] Shin also testified that important Joombas corporate decisions were made together by Hyeong-Kyu Kim, Sook-Ja Seo, and Shin.[10] Shin further testified that he was at the beginning of Joombas and that one could say he was a co-founder depending on the definition.[11]

The Warner Chappell Korea materials are especially important because ASCAP records state that Warner Chappell Music Korea Inc. was to administer 153 Joombas Music Group Co. Ltd.'s interest in specified works and that correspondence, statements, and checks for those works would be sent to Warner Chappell Music Korea Inc.[12] These agreements and related schedules are necessary to determine the relevant compositions, ownership shares, administration rights, royalty streams, and revenues generated from 2014 through 2026.

Here, the documents are central to the reopened discovery and Defendant's delay prejudices Plaintiff's ability to complete discovery, reconcile revenue records, and prepare damages analysis before the extended discovery deadline expires.

Plaintiff respectfully requests that the Court order Defendant to produce, within seven days:

1. all executed agreements between Shin and/or any Joombas-related entity and Avex, Warner Chappell Korea, Warner Chappell Music, Universal Music Publishing, or UMG;

2. all amendments, schedules, exhibits, catalog lists, administration terms, royalty terms, and ownership or collection-share schedules to those agreements;

3. all royalty, revenue, accounting, and payment statements generated under those agreements for 2014 through 2026; and

4. if Defendant contends any responsive documents are not within his possession, custody, or control, a sworn declaration identifying the documents, their custodian, the entity holding them, Defendant's relationship to that entity, and the steps taken to obtain them.

Respectfully submitted,

/ss/N. Keith White
Keith White, PLLC
Counsel for Plaintiff Juan Catala

Application denied for failure to comply with paragraph 2.A of the Court's Individual Practices. It sometimes happens that opposing counsel is not available to confer. The period of unavailability here is not so lengthy that the dispute should be presented to the Court without the conferral required by paragraph 2.A. As long as there is not a consistent pattern from defendant of unreasonable delay, plaintiff should show some patience. In any event, the Court directs Mr. Parness to confer with plaintiff on this matter in full at some point this week.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 1, 2026