UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CATALA D/B/A MAJIC ENTERTAINMENT LLC D/B/A ADRAWN MUSIC PUBLISHING,

Plaintiffs,

- against -

HYUK SHIN,

Defendant.

**ORDER**

18 Civ. 8401 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

The parties to this action have made pretrial submissions that do not comply with Rules II(B), VI(A), VI(D), VI(E), X(A), and X(B) of this Court's Individual Rules of Practice in Civil Cases. Accordingly, the parties' pretrial submissions will be struck from the docket, and the parties will make new submissions that comply with the Court's Individual Rules.

As an initial matter, the parties' submissions contain redactions that have not been authorized by the Court. (See, e.g., Dkt. Nos. 227-4, 227-8, 227-9, 232-28, 232-31, 232-32) Pursuant to Rule II(B) of this Court's Individual Rules, where a party seeks to redact information not covered by Federal Rule of Civil Procedure 5.2, it must move for leave to do so. (See Individual Rules of Practice of Judge Paul. G. Gardephe in Civil Cases, II.B) No such application has been made here.

The parties also did not provide courtesy copies of their pretrial submissions. Rule VI of this Court's Individual Rules states that "[o]ne set of courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to Chambers on the date of filing or service." (Id., VI.E (emphasis in original); see also id., VI.A & VI.D (requiring parties to submit courtesy copies of these documents))

The parties' proposed joint pretrial order (Dkt. No. 233) also does not comply with Rule X of this Court's Individual Rules. The summary of defenses provided by Defendant (id. at 4-10) is not "brief," and includes a good deal of argument and "recital of evidentiary matter." (See Individual Rules of Practice of Judge Paul. G. Gardephe in Civil Cases, II.A.3) And while Rule X directs parties to list "[a]ny stipulations or agreed statements of fact or law" (id., X.A.7), in a section entitled "agreed facts and law," the parties' proposed joint pretrial order instead enumerates numerous disputes between the parties. (Proposed Jt. Pretrial Order (Dkt. No. 233) at 20-22)

Much of the parties' proposed joint pretrial order is also unintelligible or internally inconsistent. (Id.) The first page of the proposed pretrial order, for example, states the following:

> Plaintiff circulated a draft to counsel for Shin on October 20, 2026. Shin returned a combined draft (v5) on October 22, 2026, all rights reserved. This version incorporates Plaintiff's October 25, 2026 responses and restores, as Defendant's Position, the text of Defendant's October 22, 2026 combined draft that Plaintiff's October 25 markup did not carry forward. Where Plaintiff's markup recast Defendant's text, Defendant's text controls as Defendant's Position. Where Defendant's markup recast Plaintiff's text, Plaintiff's text controls as Plaintiff's Position. Each party's stated position is its own, and nothing in this order, including any bracketed entry or stipulation, is agreed unless confirmed by both sides. The parties will file by the Court's deadline of October 26, 2026. . . .

(Id. at 1)

Similarly, on page 24 of the proposed joint pretrial order, the parties state that Plaintiffs intend to call "custodians of records of Universal Music Publishing Group and the Korean Music Copyright Association (KOMCA)" as witnesses at trial. (Id. at 24) Three pages later, however, the parties say that "Plaintiff withdraws the Universal Music Publishing Group and KOMCA custodians" from his witness list. (Id. at 27)

The proposed pretrial order is replete with inconsistent statements of this sort, improper formatting, and passages that are unintelligible.

Rule X.B of this Court's Individual Rules requires parties to provide supporting citations for their requests to charge, and objections to an adversary's requests to charge. (Individual Rules of Practice of Judge Paul. G. Gardephe in Civil Cases, X.B.1) Defendant's objections to Plaintiffs' requests to charge (Requests to Charge (Proposed Jt. Pretrial Order, Ex. B) (Dkt. No. 233) at 76-78) include few citations to supporting authority, however. The same is true for many of Plaintiff's objections to the proposed verdict sheet. (See Jt. Proposed Verdict Sheet (Proposed Jt. Pretrial Order, Ex. C) (Dkt. No. 233) at 83-84)

Rule X.B.3 of this Court's Individual Rules requires that proposed trial exhibits "be filed on the docket with the proposed pretrial order." (emphasis in original)) But Plaintiffs' counsel has not filed any of Plaintiffs' proposed trial exhibits on the docket.

Finally, both sides submitted pretrial filings after the October 26, 2026 deadline set by Judge Gorenstein. (See Order (Dkt. No. 226) at 2) Indeed, all of Plaintiffs' pretrial submissions were filed after that deadline.[1] (See Docket Sheet (showing that docket entries 232-236 were filed on October 27, 2026))

**CONCLUSION**

Given the deficiencies discussed above, the Clerk of Court is directed to strike the parties' pretrial filings (Dkt. Nos. 227-237) because of their failure to make a good faith effort to

---

[1] On October 27, 2026, at 4:34 a.m., Plaintiffs' counsel sent an email to Chambers and defense counsel that attached digital copies of Plaintiffs' pretrial submissions. (Oct. 27, 2026 White email (Dkt. No. 239) at 1) While Plaintiff's counsel reports in that email that he is "having trouble uploading [his pretrial submissions] to ECF," the metadata associated with the attached documents indicates that Plaintiff's counsel modified many of his pretrial filings after the October 26, 2027 deadline had passed.

comply with Rules II(B), VI(A), VI(D), VI(E), X(A), and X(B) of this Court's Individual Rules of Practice in Civil Cases.[2]

The parties are directed to file revised copies of their proposed joint pretrial order, motions in limine, voir dire requests, requests to charge, and trial memoranda by **November 13, 2026**. Responsive papers are due on **November 20, 2026.** Any motion to file redacted versions of these documents must be filed contemporaneously and in accordance with Rule II of this Court's Individual Rules.

The parties' revised pretrial submissions must comply with this Court's Individual Rules and should use appropriate formatting. The revised proposed joint pretrial order should not contain argument, objections, or responses other than as required under Rule X(A) of this Court's Individual Rules. All documents should be prepared in 12-point font and should include appropriate headings. All proposed trial exhibits must be uploaded to ECF.

The parties are warned that any future failure to comply with this Court's Individual Rules or a Court order may result in sanctions under Federal Rules of Civil Procedure 11 and 16.

The Clerk of Court is directed to terminate the motions. (Dkt. Nos. 227, 229, 235)

Dated: New York, New York
October 28, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge

[2] The Clerk of Court is directed to (1) retain the summary docket text of docket entries 227-237 for the record, and (2) update the caption of the case as shown at the outset of this Order.